1   Jason M. Ayres, OSB #001966
    Farleigh Wada Witt
2   121 SW Morrison Street, Suite 600
    Portland, Oregon 97204-3136
3   Telephone: (503) 228-6044

4          Attorneys for Summit Leasing, Inc.

5

6

7                IN THE UNITED STATES BANKRUPTCY COURT

8                    FOR THE DISTRICT OF OREGON

9   In re

10  Debra A. Crawford,                    Case No. 14-32580-tmb13

11  _____Debtor.

12  Summit Leasing, Inc.,
                                          Adversary Proceeding
13                 Plaintiff,             Case No. _____

14          v.

15  Debra A. Crawford; The Ultimate Tan & Med    COMPLAINT
    Spa, LLC; and Rachel Jones Nass,             (Fraudulent Transfers)
16
                   Defendant.
17

18         Plaintiff, Summit Leasing, Inc., alleges as follows:

19                          **<u>JURISDICTION</u>**

20                               1.

21         On May 2, 2014 ("Petition Date"), Debra A. Crawford ("Debtor"), filed a petition

22  for relief under Chapter 13 of Title 11, United States Code.

23                               2.

24         This matter arises under Fed. Rule Bankruptcy Procedure 7001, 7064 and ORS

25  95.230 *et seq.*

26  */ / /*

Page 1 of 10- COMPLAINT
P:\DOCS\SUMLI\07487\PLDG\3JS5274.DOC

*FARLEIGH WADA WITT*
Attorneys at Law
121 SW Morrison Street, Suite 600
Portland, Oregon 97204-3136
Telephone: (503) 228-6044
Facsimile: (503) 228-1741

3.

This Court has jurisdiction of this proceeding pursuant to 28 U.S.C. §§ 157, 1334, United States District Court Local Rule 2101, and Bankruptcy Rule 7001.  This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A), (E), (H), and (O).  Venue is proper pursuant to 28 U.S.C. § 1409.

**PARTIES**

4.

Plaintiff, Summit Leasing, Inc. ("Summit Leasing") is a Washington corporation and a secured creditor of the Debtor.

5.

Debtor, Debra A. Crawford, is an Oregon resident and member of The Ultimate Tan & Med Spa, LLC.  Debra A. Crawford was formally known as Debra or Debby Nass.  Debra A. Crawford dissolved The Ultimate Tan & Med Spa, LLC on April 30, 2014 and registered the assumed business name of The Ultimate Tan & Med Spa with herself as registrant on the same date.

6.

Upon information and belief, Defendant Rachel Jones Nass resides in Oregon and is a relative of the Debtor.

**BACKGROUND FACTS**

7.

Plaintiff realleges paragraphs 1 through 6, above, and incorporates them herein by reference.

8.

On or about February 15, 2012, the Debtor and The Ultimate Tan & Med Spa, LLC, as co-borrowers, entered into an Equipment Finance Agreement with Summit Leasing for the finance and purchase of specific Tanning Bed Equipment listed on the Equipment Finance

*FARLEIGH WADA WITT*
Attorneys at Law
121 SW Morrison Street, Suite 600
Portland, Oregon 97204-3136
Telephone: (503) 228-6044
Facsimile: (503) 228-1741

1    Agreement.  Amounts due under the Equipment Finance Agreements are secured by the financed

2    equipment listed on the Equipment Finance Agreement as well as additional equipment listed on

3    the accompanying Collateral Security Agreement (collectively the "Equipment").  The Debtor

4    and The Ultimate Tan & Med Spa, LLC were co-owners of the Equipment subject to Summit

5    Leasing's security interest.  Summit Leasing perfected its security interest in the Equipment by

6    filing a series of UCC Financing Statements with the Oregon Secretary of State.  Copies of the

7    Equipment Finance Agreement and Collateral Security Agreement is attached hereto as Exhibit 1

8    and incorporated by reference.  Copies of the UCC Financing Statements are attached hereto as

9    Exhibit 2 and incorporated by reference.

10                                                    9.

11            The Ultimate Tan & Med Spa, LLC operated seven (7) tanning and medical spa

12    treatment locations prior to the Petition Date including a location in St. Helens, Oregon.  On or

13    about April 24, 2014, and approximately one week prior to the Petition Date, the Debtor

14    personally and on behalf of The Ultimate Tan & Med Spa, LLC executed an Assignment and

15    Assumption Agreement under which The Ultimate Tan & Med Spa, LLC assigned to the Debtor

16    a list of assets of The Ultimate Tan & Med Spa, LLC including all inventory and equipment

17    located at all business locations, accounts, outstanding accounts receivable, all work in progress

18    and all leasehold interests for the business locations.  As alleged consideration for the assignment

19    of the assets, the Debtor assumed all outstanding debt of The Ultimate Tan & Med Spa, LLC

20    including all secured loans, unsecured loans, accounts payable and unpaid wages but not

21    including any tax debt for which the Debtor was not currently responsible.   A copy of the

22    Assignment and Assumption Agreement is attached hereto as Exhibit 3 and incorporated by

23    reference.

24                                                    10.

25            As described above, on April 30, 2014 the Debtor dissolved The Ultimate Tan &

26    Med Spa, LLC and registered the assumed business name of The Ultimate Tan & Med Spa with

Page 3 of 10- COMPLAINT

P:\DOCS\SUMLI\07487\PLDG\3JS5274.DOC

*FARLEIGH WADA WITT*
Attorneys at Law
121 SW Morrison Street, Suite 600
Portland, Oregon 97204-3136
Telephone: (503) 228-6044
Facsimile: (503) 228-1741

1    herself as registrant.  By registering The Ultimate Tan & Med Spa as her assumed business

2    name, the Debtor obtained The Ultimate Tan & Med Spa, LLC's trade name and good will.  The

3    Debtor additionally continues to operate the website for The Ultimate Tan & Med Spa, LLC, its

4    social media links and advertising sources including its Facebook page, Twitter account,

5    Google+ account, YouTube account and LinkedIn account (the "Social Media Sites").  Upon

6    information and belief, the Debtor did not provide any consideration for The Ultimate Tan &

7    Med Spa, LLC's trade name, good will or Social Media Sites.

8                                                    11.

9             As stated above, on May 2, 2014, the Debtor filed her Chapter 13 Bankruptcy.

10   The Debtor's Schedule B lists Summit Leasing's Equipment with a value of $79,700.00.

11   Summit Leasing's claim as of the Petition Date totaled $184,654.88, plus interest at the contract

12   rate of 9.49% per annum.   The Debtor's Chapter 13 Plan dated May 15, 2014 proposed to cram

13   down Summit Leasing's claim to $79,700.00 with interest at 4%.   The Debtor's Amended

14   Chapter 13 Plan dated August 29, 2014 proposes to cram down the value of the Equipment to

15   only $68,000, plus interest at the rate of 6.00% per annum.  The Debtor's Statement of Financial

16   Affairs does not list any sales or transfers of any assets within the two years prior to the Petition

17   Date other than the sale of a vehicle.

18                                                   12.

19            On or about May 19, 2014, Summit Leasing requested access to the business

20   locations to obtain an appraisal of its Equipment.  In late June 2014, the Debtor provided access

21   for the appraisal.  During the appraisal, Summit Leasing's agent discovered that several pieces of

22   Equipment were missing from the business locations.  The Equipment which was present and

23   available has a value of $94,645.  The appraiser was not able to view the    Matrix    L33,    Dr.

24   Muller Onyx or the 2  Soltron Hot Pepper machines (the "Missing Equipment").   The Missing

25   Equipment is listed on the Equipment Finance Agreement as having been purchased and

26   financed for the Debtor and The Ultimate Tan & Med Spa, LLC.    The Missing Equipment is

*FARLEIGH WADA WITT*
Attorneys at Law
121 SW Morrison Street, Suite 600
Portland, Oregon 97204-3136
Telephone: (503) 228-6044
Facsimile: (503) 228-1741

1  believed to have a value of at least $26,000 based on the current market for the specific

2  Equipment.

3                                                      13.

4          Summit Leasing began requesting information on the location of the Missing

5  Equipment on or about July 2, 2014.  On August 8, 2014, Summit Leasing was informed that the

6  Debtor sold the Matrix L33 and the 2 Soltron Hot Pepper machines with the sale of her St.

7  Helens location.  The Debtor claimed that she did not have the Dr. Muller Onyx.  However,

8  Summit Leasing's business records indicate that the Dr. Muller Onyx was delivered to the St.

9  Helens location.  Summit Leasing did not know that the St. Helens location was sold prior to this

10  date or that the Missing Equipment had been sold or transferred to a third party.  Summit Leasing

11  did not approve the sale nor did it receive any proceeds of sale for the Missing Equipment.

12  Likewise, Summit Leasing did not release its security interest in the Missing Equipment.

13                                                      14.

14          Summit Leasing subsequently requested information on the sale, including the

15  sale date, purchaser, sale price and list of assets sold.  On September 12, 2014, Summit Leasing

16  was finally informed that the entire St. Helens business was transferred to Rachel Jones Nass

17  with the only consideration for the transfer being Ms. Nass' assumption of the current lease for

18  the location.  Summit Leasing requested information on Ms. Nass' relationship to the Debtor but

19  the Debtor has not responded or provided any additional information related to this transfer.

20  Upon information and belief, Ms. Nass is a relative of the Debtor.

21                                                      15.

22          Upon information and belief, Ms. Nass operates the St. Helens location under the

23  name The Ultimate Tan & Med Spa.  According to the Debtor's schedules, the Debtor is not

24  receiving any payments from Ms. Nass for use of the trade name, accounts, customer lists or

25  good will of The Ultimate Tan & Med Spa, LLC.  In addition, the Debtor is not receiving any

26  payments from Ms. Nass for the use of the Missing Equipment or any other equipment or assets

P:\DOCS\SUMLI\07487\PLDG\3JS5274.DOC

*FARLEIGH WADA WITT*
Attorneys at Law
121 SW Morrison Street, Suite 600
Portland, Oregon 97204-3136
Telephone: (503) 228-6044
Facsimile: (503) 228-1741

1    transferred to Ms. Nass.

2                                                    16.

3              The Debtor and The Ultimate Tan & Med Spa, LLC executed the Equipment

4    Finance Agreement on February 15, 2012, at which time the Missing Equipment was listed as

5    being located at one of three locations including the St. Helens location which was then run by

6    The Ultimate Tan & Med Spa, LLC.       The Debtor and The Ultimate Tan & Med Spa, LLC

7    subsequently executed Amendments to the Equipment Finance Agreement on November 20,

8    2012 and January 27, 2014 to revise payment terms.    Under the terms of each of the

9    Amendments, the Debtor and The Ultimate Tan & Med Spa, LLC represented that all other

10   terms and conditions of the Equipment Finance Agreement remain unchanged and in full force

11   and effect, which by reference includes the location of the Equipment.

12                                   **FIRST CLAIM FOR RELIEF**

13                                       **(Fraudulent Transfer)**

14                                  **(ORS 95.230 and ORS 95.240)**

15                                                   17.

16             Plaintiff realleges and incorporates herein by reference the allegations contained

17   in paragraphs 1 through 16, above.

18                                                   18.

19             Upon information and belief, the Debtor did not receive reasonably equivalent

20   value for the transfers made to Rachel Jones Nass associated with the St. Helens business

21   location of The Ultimate Tan & Med Spa, LLC, including the transfer of the business as a going

22   concern, the trade name, accounts, customer lists and good will of The Ultimate Tan & Med Spa,

23   LLC, the assets and equipment of the St. Helens location, including Summit Leasing's Missing

24   Equipment, and the future earnings of the St. Helens business location.    At the time of the

25   transfers to Rachel Jones Nass, the Debtor was engaged in business for which her remaining

26   assets were unreasonably small in relation to the transaction, and/or she intended to incur or

Page 6 of 10- COMPLAINT

P:\DOCS\SUMLI\07487\PLDG\3JS5274.DOC

*FARLEIGH WADA WITT*
Attorneys at Law
121 SW Morrison Street, Suite 600
Portland, Oregon 97204-3136
Telephone: (503) 228-6044
Facsimile: (503) 228-1741

1    believed or reasonably should have believed that she would incur, debts beyond her ability to pay

2    as they became due.  As such, the transfers to Rachel Jones Nass were fraudulent transfers under

3    ORS 95.230(b).

4                                                    19.

5             The Debtor did not receive reasonably equivalent value in exchange for the

6    transfers to Rachel Jones Nass.   At the time of the transfers, The Debtor was insolvent or she

7    became insolvent as a result of the transfers.  As a result, the transfers to Rachel Jones Nass were

8    fraudulent transfers under ORS 95.240(1).

9                                                    20.

10            The Debtor's transfers to Rachel Jones Nass were transfers made to an insider for

11   other than reasonably equivalent value and the Debtor was insolvent at the time of the transfers.

12   In addition, Ms. Nass, as a relative and insider, had reasonable cause to believe that the Debtor

13   was insolvent.  As a result, the transfers to Rachel Jones Nass were fraudulent transfers under

14   ORS 95.240(2).

15                                                   21.

16            Pursuant to ORS 95.260, Plaintiff is entitled to a judgment avoiding the transfer

17   of the St. Helens business for The Ultimate Tan & Med Spa, LLC, restoring title to the assets

18   transferred to the Debtor and The Ultimate Tan & Med Spa, LLC including but not limited to

19   Summit Leasing's Missing Equipment, the business as a going concern, the trade name,

20   accounts, customer lists and good will of The Ultimate Tan & Med Spa, LLC, the assets and

21   equipment of the St. Helens location.  In the alternative, Plaintiff is entitled to a judgment against

22   Rachel Jones Nass for the amount of the transfers associated with the Missing Equipment.

23   / / /

24   / / /

25   / / /

26   / / /

**Page 7 of 10- COMPLAINT**

*FARLEIGH WADA WITT*
Attorneys at Law
121 SW Morrison Street, Suite 600
Portland, Oregon 97204-3136
Telephone: (503) 228-6044
Facsimile: (503) 228-1741

**SECOND CLAIM FOR RELIEF**

**(Fraudulent Transfer)**

**(ORS 95.230 and ORS 95.240)**

22.

Plaintiff realleges and incorporates herein by reference the allegations contained in paragraphs 1 through 21, above.

23.

The Debtor's transfer to herself of the inventory, equipment, accounts, outstanding accounts receivable, all work in progress and all leasehold interests for the business locations of The Ultimate Tan & Med Spa, LLC under the terms of the Assignment and Assumption Agreement and subsequent transfer to herself of The Ultimate Tan & Med Spa, LLC's trade name, good will and Social Media Sites as described above in paragraphs 9 and 10 were made with the actual intent to hinder, delay and/or defraud creditors of the Debtor and The Ultimate Tan & Med Spa, LLC. The transfers made by the Debtor to herself on behalf of The Ultimate Tan & Med Spa, LLC prevent creditors from pursuing claims against The Ultimate Tan & Med Spa, LLC as a going concern and would allow the Debtor to reorganize the business through a personal bankruptcy while modifying and discharging corporate debt. In addition, the transfers ensure that the Debtor personally benefits from the good will, future earnings and income of The Ultimate Tan & Med Spa, LLC which would otherwise be available to repay corporate creditors but for the Debtor's transfer and chapter 13 bankruptcy. As such, the transfers made by the Debtor on behalf of The Ultimate Tan & Med Spa, LLC were fraudulent transfers under ORS 95.230(a).

24.

Upon information and belief, the Debtor additionally did not provide reasonably equivalent value for the transfers the Debtor made to herself on behalf of The Ultimate Tan & Med Spa, LLC. The Debtor's assumption of the outstanding debt of The Ultimate Tan & Med

*FARLEIGH WADA WITT*
Attorneys at Law
121 SW Morrison Street, Suite 600
Portland, Oregon 97204-3136
Telephone: (503) 228-6044
Facsimile: (503) 228-1741

1     Spa, LLC, other than tax liabilities, is insufficient and inadequate consideration.  In addition, the

2     Debtor did not provide any consideration for The Ultimate Tan & Med Spa, LLC's trade name,

3     good will or Social Media Sites.  At the time of the transfers, The Ultimate Tan & Med Spa, LLC

4     was insolvent or became insolvent as a result of the transfers.  As a result, the transfers to the

5     Debtor were fraudulent transfers under ORS 95.240(1).

6                                 25.

7         The transfers to the Debtor by The Ultimate Tan & Med Spa, LLC were made to

8     an insider for other than reasonably equivalent value and The Ultimate Tan & Med Spa, LLC

9     was insolvent at the time of the transfers.  In addition, Debtor knew and had reasonable cause to

10     believe that The Ultimate Tan & Med Spa, LLC was insolvent.  As a result, the transfers to the

11     Debtor were fraudulent transfers under ORS 95.240(2).

12                                 26.

13         Pursuant to ORS 95.260, Plaintiff is entitled to a judgment avoiding the transfers

14     by The Ultimate Tan & Med Spa, LLC to the Debtor, restoring title to the assets transferred to

15     The Ultimate Tan & Med Spa, LLC including but not limited to all inventory, equipment,

16     accounts, outstanding accounts receivable, all work in progress and all leasehold interests for the

17     business locations, the trade name, good will, Social Media Sites and income earned by The

18     Ultimate Tan & Med Spa, LLC.

19         WHEREFORE, the Plaintiff prays for judgment as follows:

20         1.     On its First Claim for Relief:

21             a.     For a judgment avoiding the transfer of the St. Helens business for

22     The Ultimate Tan & Med Spa, LLC, restoring title to the assets transferred to the Debtor and The

23     Ultimate Tan & Med Spa, LLC including but not limited to Summit Leasing's Missing

24     Equipment, the business as a going concern, the trade name, accounts, customer lists and good

25     will of The Ultimate Tan & Med Spa, LLC, the assets and equipment of the St. Helens location;

26     and

P:\DOCS\SUMLI\07487\PLDG\3JS5274.DOC

*FARLEIGH WADA WITT*
Attorneys at Law
121 SW Morrison Street, Suite 600
Portland, Oregon 97204-3136
Telephone: (503) 228-6044
Facsimile: (503) 228-1741

1      b.  In the alternative, awarding a monetary judgment in favor of

2 Plaintiff and against Rachel Jones Nass for the amount of the transfers associated with the

3 Missing Equipment in an amount to be proven at trial.

4     2.  On its Second Claim for Relief, for a judgment avoiding the transfers by

5 The Ultimate Tan & Med Spa, LLC to the Debtor, restoring title to the assets transferred to The

6 Ultimate Tan & Med Spa, LLC including but not limited to all inventory, equipment, accounts,

7 outstanding accounts receivable, all work in progress and all leasehold interests for the business

8 locations, the trade name, good will, Social Media Sites and income earned by The Ultimate Tan

9 & Med Spa, LLC.

10     3.  Such other relief as the Court finds just and equitable.

11    Dated:  September 22, 2014.

12        FARLEIGH WADA WITT

13

14        By:/s/ Jason M. Ayres

15         Jason M. Ayres, OSB #001966
          (503) 228-6044

16         jayres@fwwlaw.com
          Of Attorneys for Summit Leasing, Inc.

17

18

19

20

21

22

23

24

25

26

**Page 10 of 10- COMPLAINT**

*FARLEIGH WADA WITT*
Attorneys at Law
121 SW Morrison Street, Suite 600
Portland, Oregon 97204-3136
Telephone: (503) 228-6044
Facsimile: (503) 228-1741

**SUMMIT LEASING, INC.**
3901 Fairbanks Ave., Yakima, WA 98902
Mail: P.O. Box 7, Yakima, WA 98907-0007
Phone: (800) 736-1530    Fax: (509) 453-3798    www.summitleasing.com



**SUMMIT LEASING**

## EQUIPMENT FINANCE AGREEMENT

**AGREEMENT NO. E14081**                    **EFFECTIVE DATE: 02/15/2012**

**SECURED PARTY: Summit Leasing, Inc.**        **("Summit")**

**CUSTOMER(S):**    **The Ultimate Tan & Med Spa, LLC, Debra Crawford**
                   **15901 SW Oriole Court**
                   **Sherwood, OR 97140**
                   **(503) 625-4452**

COLLATERAL DESCRIPTION:

| | |
|---|---|
| **(1) Model Matrix L33** | SN:1830378 |
| **(1) Model Matrix L33** | SN:1830377 |
| **(1) Delivery and Freight NA** | |
| **(1) T-Max Pro Manager NA** | |
| **(1) Sundash Radius 252** | SN:1057 |
| **(1) Ergoline Classic 600** | SN:9000800682000596 |
| **(1) Future Industries Elixir** | SN:E403-0091 |
| **(1) Panel Booster 200- amp 208 to 235v NA** | |
| **(1) Panel Booster 200- amp 208 to 235V NA** | |
| **(1) Magic Tan MT 3000** | SN:3001 |
| **(1) Open Sun** | SN:057853 |
| **(1) Mystic MT 3000 Spray Booth** | SN:20031066 |
| **(1) Soltron Shark** | SN:798313 |
| **(2) Sundash 252** | SN:798313 & 800809705000363 |
| **(2) Soltron Hot Pepper** | SN:772223 & 773146 |
| **(1) Dr. Mueller Onyx** | SN:1964 |
| **(1) T-Max Manager Pro NA** | |
| **(2) Heartland Acclaim LP Tanning Beds** | SN:ACLP06662 & ACLP06663 |

TOTAL AMOUNT PAID TO VENDORS:    $   169,317.47

TERM: The term of this agreement shall be for a period of **60 months and 0 days** commencing **02/15/2012** and terminating **02/15/2017.**

LOCATIONS OF COLLATERAL:

| | | |
|---|---|---|
| **2296 Gable Rd., Suite 240**<br>**St. Helens, OR 97051** | **20649 SW Roy Rogers Rd.**<br>**Sherwood, OR 97140** | **15986 SW Tualatin Sherwood Rd.**<br>**Sherwood, OR 97140** |

Initial _____

EXHIBIT 1
Page 1 of 11

SUMMIT LEASING, INC.
3901 Fairbanks Ave., Yakima, WA 98902
Mail: P.O. Box 7, Yakima, WA  98907-0007
Phone: (800) 736-1530    Fax: (509) 453-3798    www.summitleasing.com

<u>PAYMENT:</u>

| | | |
|---|---|---|
| **Due 02/15/2012** | | |
| First month's payment: | $ | 2,500.00 |
| | | |
| **Due 03/15/2012 - 01/15/2013** | | |
| upon or before the **15th** day of **each month:** | $ | 2,500.00 |
| | | |
| **Due 02/15/2013 - 01/15/2014** | | |
| upon or before the **15th** day of **each month:** | $ | 3,000.00 |
| | | |
| **Due 02/15/2014 - 01/15/2015** | | |
| upon or before the **15th** day of **each month:** | $ | 3,500.00 |
| | | |
| **Due 02/15/2015 - 01/15/2016** | | |
| upon or before the **15th** day of **each month:** | $ | 4,000.00 |
| | | |
| **Due 02/15/2016 - 01/15/2017** | | |
| upon or before the **15th** day of **each month:** | $ | 5,528.70 |

THIS EQUIPMENT FINANCE AGREEMENT ("AGREEMENT") IS SUBJECT TO THE TERMS AND CONDITIONS PRINTED HEREON AND ON THE
FOLLOWING PAGES, ALL OF WHICH ARE MADE A PART HEREOF AND WHICH CUSTOMER ACKNOWLEDGES HAVING READ. PLEASE READ
CAREFULLY BEFORE SIGNING.  THIS AGREEMENT IS NOT BINDING UNTIL ACCEPTED BY SUMMIT.

**1.0 AGREEMENT**: Subject to the terms of this Agreement, Summit has agreed to provide financing for the Customer's acquisition of the
personal property described above or on attached Schedule A.  Such personal property together with any replacement parts, additions,
repairs or accessories now or hereafter incorporated in or affixed to it is hereinafter collectively referred to as the "Equipment".  Customer
hereby promises to pay to Summit all amounts described in this Agreement.
**2.0 PAYMENTS:** Customer agrees to pay Summit periodic payments in the amounts set forth above.  The initial payment shall be due upon
execution of this Agreement. Subsequent payments shall then be due each month on the payment due date set forth above until paid. All
other amounts due hereunder shall be due upon Customer's receipt of Summit's invoice therefore. Advance payments shall be applied to the
last installment payments in reverse order until exhausted; provided that if there is a default, any payments under this Agreement may be
applied to the Obligations (as defined below) in such order as Summit chooses.
**3.0 LATE CHARGE:** If a payment is not received within five (5) days of the due date, a late charge shall be imposed, such amount being
five percent (5%) per month, or $5.00, whichever is greater. Late charges shall be payable by Customer upon demand and failure to pay the
same shall constitute an event of default under this Agreement.  The right of Summit to impose a late charge shall not be considered as a
waiver of Summit of the right to insist upon strict performance of the terms of this Agreement.
**4.0 SECURITY INTEREST: AUTHORIZATION:** Customer hereby grants Summit a security interest in the Equipment to secure performance
by Customer of its obligations under this Agreement and under any other present or future agreement with Summit (collectively, the
"Obligations"). Customer shall insure that such security interest is and shall remain a sole first lien security interest in the Equipment.
Customer authorizes Summit to file a financing statement describing the Equipment from time to time in any Uniform Commercial Code
("UCC") filing office. Customer agrees to pay all costs of preparing and filing any such financing statement.
**5.0 NO WARRANTY:** SUMMIT, NOT BEING THE MANUFACTURER OR THE MANUFACTURER'S AGENT, MAKES NO WARRANTY OR
REPRESENTATION, EITHER EXPRESS OR IMPLIED, AS TO THE FITNESS FOR A PARTICULAR USE OR OTHERWISE QUALITY,
DESIGN, CONDITION, CAPACITY, SUITABILITY, MERCHANTABILITY OR PERFORMANCE OF THE EQUIPMENT OR OF THE
MATERIAL OR WORKMANSHIP THEREOF, IT BEING AGREED THAT THE EQUIPMENT IS FINANCED "AS IS" AND THAT ALL SUCH
RISKS, AS BETWEEN SUMMIT AND THE CUSTOMER, ARE TO BE BORNE BY THE CUSTOMER AT ITS SOLE RISK AND EXPENSE.
CUSTOMER ACCORDINGLY AGREES NOT TO ASSERT ANY CLAIM WHATSOEVER AGAINST SUMMIT BASED THEREON.
CUSTOMER UNDERSTANDS AND ACKNOWLEDGES THAT NO BROKER OR SUPPLIER, NOR ANY SALESMAN, BROKER, OR AGENT
OF ANY BROKER OR SUPPLIER, IS AN AGENT OF SUMMIT.  NO BROKER OR SUPPLIER, NOR ANY SALESMAN, BROKER, OR
AGENT OF ANY BROKER OR SUPPLIER, IS AUTHORIZED TO WAIVE OR ALTER ANY TERM OR CONDITION OF THIS AGREEMENT,
AND NO REPRESENTATION AS TO THE EQUIPMENT OR ANY OTHER MATTER BY THE BROKER OR SUPPLIER, NOR ANY
SALESMAN, BROKER, OR AGENT OF ANY BROKER OR SUPPLIER, SHALL IN ANY WAY AFFECT CUSTOMER'S DUTY TO MAKE THE

Page 2 of 6
Equipment Finance Agreement
Agreement E14081  2/2/2012:MS/pb

Initial  _DC_

EXHIBIT 1
Page 2 of 11

SUMMIT LEASING, INC.
3901 Fairbanks Ave., Yakima, WA 98902
Mail: P.O. Box 7, Yakima, WA 98907-0007
Phone: (800) 736-1530    Fax: (509) 453-3798    www.summitleasing.com

PAYMENTS AND TO PERFORM CUSTOMER'S OBLIGATIONS SET FORTH IN THIS AGREEMENT. Customer waives any right to (a) cancel or repudiate this Agreement; (b) reject or revoke acceptance of the Equipment; or, (c) recover from Summit any general, special, incidental, or consequential damages, for any reason whatsoever.

**6.0 NON-ASSIGNABILITY BY CUSTOMER:** NEITHER THIS AGREEMENT NOR CUSTOMER'S RIGHTS HEREUNDER, INCLUDING, BUT NOT LIMITED TO, THE POSSESSION AND USE OF THE EQUIPMENT, SHALL BE ASSIGNABLE BY CUSTOMER WITHOUT THE WRITTEN CONSENT OF SUMMIT. FURTHER, CUSTOMER SHALL NOT TRANSFER IN WHOLE OR IN PART THE POSSESSION OF THE EQUIPMENT WITHOUT THE WRITTEN CONSENT OF SUMMIT. Customer shall not encumber the Equipment by either voluntary or involuntary lien.

**7.0 MAINTENANCE AND USE:** Customer is the owner of the Equipment and shall maintain it in a good and safe operating condition and working order, using as a guide the maintenance program prescribed in the owner's manual, if any, for each item of Equipment, and shall perform, all required to insure full validation of a manufacturer's warranty, if any, on the Equipment. In addition, Customer shall repair and provide replacement parts necessary to keep the Equipment in a good and safe operating condition and working order. All replacement parts, as required hereunder, shall immediately become the subject to the security interest granted hereunder. It is understood that Summit assumes no obligation whatsoever for the maintenance, repair or replacement of the Equipment or any portion thereof. The Equipment shall be used solely in the conduct of Customer's business and Customer warrants that Equipment is used for commercial or business purposes and not for consumer, personal, home or family purposes.

**8.0 RISK OF LOSS-INSURANCE-INDEMNITY-LIABILITY INSURANCE:**

**8.1 RISK OF LOSS:** Customer hereby assumes and shall bear the entire risk of loss and damage to the Equipment from any cause whatsoever, regardless of whether the loss is insured.

**8.2 PROPERTY INSURANCE:** During the term of this Agreement, Customer shall cause the Equipment to be insured against all perils normally and customarily insured against with an insurer acceptable to Summit, *the Equipment to be scheduled on Customer's policy in the amount of the full insurable value of the Equipment. Summit shall be named as an Insured and/or Loss Payee* under such policy or policies to the extent of Summit's interest. A certificate of insurance providing for thirty 30 days' notice of cancellation to Summit shall be furnished by all insurers. The proceeds of such insurance payable as a result of loss or damage to any or all of the Equipment shall be applied at the sole option of Summit as follows:

    (A)    toward the replacement, restoration or repair of the Equipment which may be lost, stolen, destroyed or damaged: or,

    (B)    toward the payment of any obligations of Customer hereunder or arising out of Customer's use and possession of the Equipment.

**8.3 INDEMNITY-LIABILITY INSURANCE:** Customer covenants and agrees to indemnify and hold harmless Summit against liability of any kind of nature, including, but not limited to, the liability arising under any statute, ordinance or regulation in connection with the use of the Equipment, and against liability from any claim for personal injury, death, or property damage to any person or party whatsoever, including Customer, by reason of the transportation, installation, use or operation of the Equipment, or the condition of the Equipment. Such indemnification shall survive the expiration, cancellation, or termination of this Agreement . To insure such indemnification and hold harmless agreement, Customer shall obtain and maintain in good standing at all times during the term of this Agreement *Liability Insurance in the amount of $500,000.00 ($1,000,000.00 for rolling stock),* or more, *with Summit named as an Additional Insured* under such policy or policies. For the purpose of this paragraph, "Rolling stock" shall mean any Equipment required to be licensed for operation on public roads. Customer should provide Summit with a certificate showing such insurance in effect during the term hereof, and thirty (30) days' notice of cancellation shall be required to be given to Summit. Such policy shall be issued by an insurance company acceptable to Summit. Customer grants to Summit a specific power of attorney for Summit to sign, endorse or negotiate for Summit's benefit any instrument representing proceeds from any policy of insurance covering the Equipment.

**8.4 FAILURE TO INSURE OR PAY FOR INSURANCE:** In the event Customer fails to provide or maintain any insurance required by this Agreement, Summit shall have the right, but not the obligation, to secure insurance on the Equipment in such form and amount as Summit deems reasonable to protect Summit's interests. Customer understands that, if Summit secures insurance on the Equipment the insurance may not name Customer as an insured and may not fully protect Customer's interests. Customer agrees that, if Summit secures insurance on the Equipment, Customer will pay an insurance charge that may be substantially higher than the premium that Customer would pay if Customer placed said insurance independently. Customer agrees that, in addition to the premium, the insurance charge Customer is required to pay Summit will include an interest charge, administrative and processing fees, which will result in profit to Summit and its agents. All sums so incurred or expended by Summit shall be without demand immediately due and payable by Customer.

**9.0 USE-OPERATION ACCORDING TO LAW:** Customer shall comply with all applicable statutes, ordinances and regulations with respect to the use, operation and/or condition of the Equipment. No Equipment shall be used contrary to the provisions of any applicable insurance policy covering said Equipment.

Page 3 of 6
Equipment Finance Agreement
Agreement E14081 2/2/2012:MS/pb

Initial _DC_

EXHIBIT 1
Page 3 of 11

**SUMMIT LEASING, INC.**
3901 Fairbanks Ave., Yakima, WA 98902
Mail: P.O. Box 7, Yakima, WA 98907-0007
Phone: (800) 736-1530    Fax: (509) 453-3798    www.summitleasing.com

<u>10.0 NON CANCELLABLE AGREEMENT:</u> PREPAYMENT; NO OFFSET. THIS AGREEMENT IS NON CANCELLABLE BY CUSTOMER FOR ANY REASON WHATSOEVER. CUSTOMER MAY PREPAY THE INSTALLMENT PAYMENTS ONLY IN ACCORDANCE HEREWITH. IN THE EVENT SUMMIT PERMITS THIS AGREEMENT TO BE PAID OFF PRIOR TO THE END OF ITS FULL TERM, CUSTOMER WILL PAY SUMMIT THE UNPAID BALANCE OF THIS AGREEMENT, INCLUDING ALL ACCRUED BUT UNPAID PAYMENTS, AND ALL PAYMENTS TO BECOME DUE IN THE FUTURE DISCOUNTED TO PRESENT VALUE AT A DISCOUNT RATE OF 5% PER ANNUM. ALL PAYMENTS HEREUNDER ARE TO BE MADE WITHOUT OFFSET.

<u>11.0 PERMITS, BONDS, LICENSE AND TAXES:</u> If required, because of Customer's use and/or possession of the Equipment, Customer shall obtain and provide all necessary permits, bonds, and licenses required or necessary for the installation, use, operation and/or transportation of the Equipment. Except as otherwise provided herein, Customer shall pay, as the same shall become due and payable, all taxes, fees, or other governmental charges levied against the Equipment by reason of its use or ownership by any governmental entity or agency, including, without limitation, personal property taxes. In addition, within thirty (30) days following the date on which such tax, fee or other charges becomes due and payable, Customer shall deliver to Summit written proof of payment thereof, upon request by Summit. In the event Customer shall fail or refuse to pay any such tax, fee or other governmental charge, Summit shall have the right to pay the same and Customer shall reimburse Summit on demand for all sums so paid by Summit. In the event of Customer's failure to pay when due any such reimbursement for permits, bonds, licenses, or taxes paid by Summit, Summit shall have the right to apply any monies received from Customer to said reimbursement.

<u>12.0 EVENTS OF DEFAULT:</u> An event of default shall occur if:

    (A)    Customer fails to pay when due any payment and such failure continues for a period of ten (10) days.

    (B)    Customer fails to perform as required any covenant, condition, provision or agreement herein set forth and such failure continues for a period of fifteen (15) days.

    (C)    Customer or any guarantor becomes insolvent or is the subject of a petition in bankruptcy, either voluntary or involuntary, or makes an assignment for the benefit of creditors, or is named in, or the Equipment is subjected to, a suit for the appointment of a receiver, or any action is taken for the dissolution of Customer, if Customer be a corporation, partnership or limited liability company ("LLC").

    (D)    Customer has made any misleading or false statement or representation in connection with application for or performance of this Agreement.

    (E)    The Equipment or any part thereof shall be subject to any lien, levy, seizure, assignment, transfer, encumbrance, attachment, execution or sale without prior written consent of Summit, or if Customer shall abandon the Equipment or permit any other entity or person the use of the Equipment without the prior written consent of Summit.

    (F)    Customer or any guarantor defaults in the performance of any obligation owed to Summit under the provisions of any other agreement with Summit.

<u>13.0 REMEDIES:</u> Upon the occurrence of an event of default, Summit shall have the rights and remedies of Summit under the UCC and in connection therewith Summit may: (a) declare the all amounts due hereunder immediately due and payable with respect to any or all Items of Equipment without notice or demand to Customer; (b) take possession of or, if deemed appropriate, render unusable any or all Items of Equipment, without demand or notice, wherever located, without any process of law and without liability for any damages occasioned by such taking of possession including damages to contents; (c) require Customer to assemble any or all Items of Equipment at a location in reasonable proximity to their designated location hereunder; (d) sell or otherwise dispose of any Items of Equipment, whether or not in Summit's possession, at public or private sale and apply the net proceeds of such sale after deducting all costs of such sale, including, but not limited to, costs of transportation, repossession, storage, refurbishing, advertising and brokers fees, to the Obligations with Customer remaining liable for any deficiency, or (f) utilize any other remedy available under the UCC or otherwise to Summit. Unless the Equipment is perishable or threatens to decline speedily in value or is of a type customarily sold on a recognized market, Summit shall give to the Customer at least five business days prior written notice of the time and place of any public sale of Equipment or of the time after which any private sale or any other intended disposition is to be made. The Customer hereby acknowledges that five business days prior written notice of such sale or sales shall be reasonable notice. All remedies are cumulative and Summit may become the purchaser at any foreclosure sale. If Summit is required by law to discount any unpaid payment or other sums payable by Customer hereunder, then the parties hereto agree that the discount rate used shall be five percent (5%).

<u>14.0 STANDARDS FOR EXERCISING RIGHTS AND REMEDIES:</u> To the extent that applicable law imposes duties on Summit to exercise remedies in a commercially reasonable manner, the Customer acknowledges and agrees that it is not commercially unreasonable for Summit (a) to fail to incur expenses reasonably deemed significant by Summit to prepare Equipment for disposition, (b) to fail to obtain third-party consents for access to Equipment to be disposed of, (c) to advertise dispositions of Equipment through publications or media of general circulation, whether or not the Equipment is of a specialized nature, (d) to contact other persons, whether or not in the same business as the Customer, for expressions of interest in acquiring all or any portion of the Equipment, (e) to hire one or more professional auctioneers to assist in the disposition of Equipment, whether or not the Equipment is of a specialized nature, (f) to dispose of Equipment by utilizing Internet sites that provide for the auction of assets of the types included in the Equipment or that have the reasonable capability of doing so, or that match buyers and sellers of assets, (g) to dispose of assets in wholesale rather than retail markets, (h) to disclaim

Page 4 of 6
Equipment Finance Agreement
Agreement E14081  2/2/2012:MS/pb

Initial _DC_

EXHIBIT 1
Page 4 of 11

**SUMMIT LEASING, INC.**
3901 Fairbanks Ave., Yakima, WA 98902
Mail: P.O. Box 7, Yakima, WA  98907-0007
Phone: (800) 736-1530    Fax: (509) 453-3798    www.summitleasing.com

disposition warranties. The Customer acknowledges that the purpose of this Section 16 is to provide non-exhaustive indications of what actions or omissions by Summit would fulfill Summit's duties under the UCC or other law in any relevant jurisdiction in Summit's exercise of remedies against the Equipment and that other actions or omissions by Summit shall not be deemed to fail to fulfill such duties solely on account of not being indicated in this Section 16. Without limitation upon the foregoing, nothing contained in this Section 16 shall be construed to grant any rights to the Customer or to impose any duties on Summit that would not have been granted or imposed by applicable law in the absence of this Section 16.

**15.0 EXPENSE OF ENFORCEMENT:** All costs incurred by Summit in protecting the Equipment or any costs incurred by Summit in the event of a default by Customer shall be paid by Customer to Summit upon demand.  Such costs shall include, but not be limited to, all Summit's attorney's fees incurred, costs of taking possession and transporting the Equipment to Summit's place of business or such other place as designated by Summit, and costs for restoring the Equipment to a good and safe condition and working order for the purpose of the disposition of said Equipment.

**16.0 GOVERNING LAW, JURISDICTION AND VENUE:** ALL MATTERS INVOLVING THE CONSTRUCTION, VALIDITY, PERFORMANCE, OR ENFORCEMENT OF THIS AGREEMENT SHALL BE GOVERNED BY THE LAWS OF THE STATE OF WASHINGTON.  CUSTOMER CONSENTS TO THE PERSONAL JURISDICTION OF THE COURTS OF THE STATE OF WASHINGTON AND AGREES THAT AT SUMMIT'S SOLE OPTION, JURISDICTION AND VENUE (LOCATION) FOR ANY DISPUTE, SUIT OR ACTION ARISING UNDER OR IN RELATION TO THE AGREEMENT, AND ALL DOCUMENTS EXECUTED IN CONNECTION THEREWITH, SHALL LIE IN YAKIMA COUNTY, STATE OF WASHINGTON.  CUSTOMER WAIVES THE RIGHT OF JURY TRIAL.  SUMMIT SHALL HAVE THE OPTION OF COMMENCING AN ACTION IN ANY COURT HAVING JURISDICTION OVER THE SUBJECT MATTER AND PARTIES TO THE TRANSACTION.

**17.0 NOTICES:** Any notices required by this Agreement or the UCC shall be deemed to be delivered when a record properly directed to the intended recipient has been (a) deposited with the US Postal Service, (b) transmitted by facsimile, (c) transmitted through the Internet, or (d) has been personally delivered.  Each of the parties shall be responsible for notifying the other party or parties in writing of any change of address.  Customer represents that its exact legal names, state of incorporation, location of its chief executive office and/or its place of residence as applicable have been correctly identified to Summit.

**18.0 ENTIRE AGREEMENT:** This Agreement contains the entire agreement between the parties and shall be binding upon their respective heirs, executors, administrators, legal representatives, successors and assigns, personal representatives, successors and assigns; subject, however, to any other supplemental or other agreements in writing by and between the parties.  This Agreement may not be altered or amended, except in writing and signed by both parties.

**19.0 WAIVER:** The forbearance on the part of Summit to exercise any right or remedy available hereunder in the event of Customer's default, or Summit's failure to demand punctual performance or any obligation of Customer shall not be deemed a waiver (A) of any such right or remedy, (B) the requirement of punctual performance, or (C) of any subsequent breach or default on the part of Customer.

**20.0 AUTHORITY TO SIGN:** If Customer is a partnership, LLC, or corporation, the person signing the Agreement on behalf of such partnership, LLC or corporation hereby warrants that (s)he has full authority from the partnership, LLC, or corporation to sign this Agreement and obligate the partnership, LLC, or corporation.

**21.0 CHANGE OF LOCATION:** Customer shall keep Equipment that is movable, permanently garaged and shall not remove it from the United States. Customer shall not remove any item of stationary Equipment from the location shown above without the prior written consent of Summit. Failure to obtain Summit's consent shall constitute an event of default under the terms of this Agreement. Upon request, Customer shall advise Summit of the exact location of movable Equipment. Summit may inspect the Equipment during normal business hours and enter the premises where the Equipment may be located for such purposes.

**22.0 ASSIGNMENT BY SUMMIT:** Any assignee of Summit shall have all of the rights but none of the obligations of Summit, which obligations remain those of Summit, under this Agreement. Customer shall recognize and hereby consents to any assignment of this Agreement by Summit, and shall not assert against the assignee any defense, counterclaim, or setoff that Customer may have against Summit.

**23.0 FINANCIAL STATEMENTS; CREDIT REPORTS:** Summit may require from time to time, and Customer agrees to furnish statements setting forth the financial condition and operations of Customer. Customer authorizes Summit, its successors, assigns and prospective assigns to obtain a personal credit profile on Customer or any guarantor from any credit reporting company.

**24.0 SEVERABILITY:** If any provision of this Agreement is contrary to, prohibited by, or held invalid under applicable laws or regulations or any jurisdiction in which it is sought to be enforced, then such provision shall be considered severable and inapplicable, but shall not invalidate the remaining provisions of this Agreement.

Initial _DC_

EXHIBIT 1
Page 5 of 11

**SUMMIT LEASING, INC.**
3901 Fairbanks Ave., Yakima, WA 98902
Mail: P.O. Box 7, Yakima, WA  98907-0007
Phone: (800) 736-1530    Fax: (509) 453-3798    www.summitleasing.com

SECURED PARTY:  SUMMIT LEASING, INC.

By _____        Date: _____

CUSTOMER: The Ultimate Tan & Spa, LLC, Debra Crawford

_____        Date:  2·15-12
(Signature of Member)

_____        Date:  2-15-12
Debra Crawford, Individually

Page 6 of 6
Equipment Finance Agreement                    Initial _DC_
Agreement E14081  2/2/2012:MS/pb

EXHIBIT 1
Page 6 of 11

**SUMMIT LEASING, INC.**
3901 Fairbanks Ave., Yakima, WA 98902
Mail: P.O. Box 7, Yakima, WA 98907-0007
Phone: (800) 736-1530    Fax: (509) 453-3798    www.summitleasing.com



**SUMMIT LEASING**

## AMENDMENT TO LEASE AGREEMENT

THIS AMENDMENT IS HEREBY MADE A PART OF LEASE AGREEMENT NO. E14081, DATED 02/15/2012

*Paragraph 2.0* is amended to read as follows:

The term of this lease shall be for a period of 69 months and 0 days commencing 02/15/2012 and terminating at 12:00 noon on **11/15/2017.**

*Paragraph 4.0* is amended to read as follows:

*Effective December 7, 2012* the rental for the leased property, not including applicable sales tax or use tax (or comparable tax), hereinafter "tax", shall be payable as follows:

| | |
|---|---|
| **Due 10/15/2012 through 11/15/2012:** | $    -0- |
| **Due 12/15/2012 through 01/15/2013:** | $ 1,000.00 |
| **Due 02/15/2013 through 10/15/2013:** | $ 3,000.00 |
| **Due 11/15/2013 through 01/15/2014**<br>**upon or before every November through January thereafter:** | $ 1,000.00 |
| **Due 02/15/2014 through 10/15/2014:** | $ 3,500.00 |
| **Due 02/15/2015 through 10/15/2015:** | $ 4,000.00 |
| **Due 02/15/2016 through 10/15/2016:** | $ 5,528.70 |
| **Due 02/15/2017 through 10/15/2017:** | $ 5,528.70 |

All other terms and conditions of this personal property lease shall remain unchanged and in full force and effect.

LESSOR:  SUMMIT LEASING, INC.

By _____     Date: _12/31/12_

LESSEE:  The Ultimate Tan & Med Spa, LLC

_____     Date: _11/20/12_
(Signature of Member)

_____     Date: _11/20/12_
Debra A. Crawford, Individually

Page 1 of 1
Amendment
Lease E14081  Amendment #1  12/7/2012:MS/pb

To Bookkeeping: _12/31/12_ By: ____

**SUMMIT LEASING, INC.**
3901 Fairbanks Ave., Yakima, WA 98902
Mail: P.O. Box 7, Yakima, WA 98907-0007
Phone: (800) 736-1530   Fax: (509) 453-3798   www.summitleasing.com



SUMMIT LEASING

## AMENDMENT TO EQUIPMENT FINANCE AGREEMENT

THIS AMENDMENT IS HEREBY MADE A PART OF EQUIPMENT FINANCE AGREEMENT NO. E14081, DATED 02/15/2012

*TERM* is amended to read as follows:

The term of this agreement shall be for a period of 74 months and 0 days commencing 02/15/2012 and terminating 04/15/2018.

*PAYMENT* is amended to read as follows:

| | |
|---|---|
| Due 10/15/2013 through 02/15/2014: | $   -0- |
| Due 03/15/2014: | $ 3,500.00 |
| Due 04/15/2014 through 10/15/2014: | $ 4,000.00 |
| Due 11/15/2014 through 01/15/2015: | $ 1,000.00 |
| Due 02/15/2015 through 10/15/2015: | $ 4,000.00 |
| Due 11/15/2015 through 01/15/2016: | $ 1,000.00 |
| Due 02/15/2016 through 10/15/2016: | $ 5,528.70 |
| Due 11/15/2016 through 01/15/2017: | $ 1,000.00 |
| Due 02/15/2017 through 11/15/2017: | $ 5,528.70 |
| Due 12/15/2017 through 03/15/2018: | $ 1,000.00 |

All other terms and conditions of this Equipment Finance Agreement shall remain unchanged and in full force and effect.

SECURED PARTY: SUMMIT LEASING, INC.

By _____   Date: 1/28/14

CUSTOMER: The Ultimate Tan & Med Spa, LLC

_____   Date: 1-27-14
(Signature of Member)

_____   Date: 1-27-14
Debra A. Crawford, Individually

Page 1 of 1
EFA Amendment
Agreement E14081  Amendment #2   1/7/2014:MS/pb

To Bookkeeping: _____ By: ____

EXHIBIT 1
Page 8 of 11

SUMMIT LEASING, INC.
3901 Fairbanks Ave., Yakima, WA 98902
Mail: P.O. Box 7, Yakima, WA 98907-0007
Phone: (800) 736-1530    Fax: (509) 453-3798    www.summitleasing.com



**SUMMIT LEASING**

# COLLATERAL SECURITY AGREEMENT

As security for the payment and performance by **The Ultimate Tan & Med Spa, LLC, Debra Crawford**, ("Customer") to SUMMIT LEASING, INC., ("Summit") of (a) Equipment Finance Agreement between Summit and Customer bearing **Agreement No. E14081** dated **02/15/2012**, together with amendments, renewals, or extensions thereof; (b) any and all obligations of any Customer hereunder to Summit, direct, indirect or contingent, joint or several, whether or not otherwise secured, and whether now existing or hereafter incurred; and (c) any and all amounts advanced or expended by Summit for the maintenance or preservation of the collateral, Customer hereby pledges, assigns and grants to Summit a security interest in the following described Collateral:

**Collateral Description:**

| | |
|---|---|
| Ergoline Classic 600 | SN:693 & 438 |
| Ergoline Classic 650 | SN:593 |
| Mystic Spray Booth | SN:TBU-12083 |
| Sundash Radius 252 | SN:627 |
| Tan America VIP 32 | SN:A-1023 |

Said Collateral shall be domiciled at:

Address: _____

City of: _____, County of: _____, State of: _____

This Collateral Security Agreement includes the Terms and Conditions consisting of six (6) numbered paragraphs attached hereto and made a part hereof.

# TERMS AND CONDITIONS

**1. RIGHTS AND OBLIGATIONS WITH RESPECT TO COLLATERAL**
Summit may hold the collateral until all of the duties and obligations of the Customer have been fully laid and satisfied and shall thereafter deliver the same to Customer. In connection with such holding, Summit shall have the following rights:
(A) Summit may take such steps as it deems necessary or desirable to protect, maintain, insure or satisfy any liens against the collateral and to store or care for the same and may charge any costs involved in so doing to the Customer.
(B) Any income from the collateral, including rents, dividends, interests, proceeds of any insurance or other income of any type shall be and become the property of Customer so long as the subject Agreement is not in default. Summit shall execute all instruments necessary and proper to cause Customer to receive, directly from the paying agent, the income from that collateral so long as there is no fault on the Agreement. Upon any default, however, all such income shall become the property of Summit pursuant to Paragraph 4 below.
(C) At its option, Summit may apply any cash which may be received through liquidation, sale or retirement of any of the collateral to the payment of any deficiencies which may, at the time of such liquidation, sale or retirement be due and owing Summit under Agreement. In the event that there is a liquidation, sale or retirement of the collateral while the Agreement is not in default, Customer shall replace the collateral with collateral of equal value and liquidity as deemed reasonable by Summit.
(D) Customer hereby duly appoints Summit true and lawful attorney in fact to sign in the name, place, and stead of Customer any UCC Financing Statement or Fixture Filing pertaining to that property referenced below.

Page 1 of 2
EFA Collateral Security Agreement
Agreement E14081  2/3/2012:MS/pb

EXHIBIT 1
Page 9 of 11

**SUMMIT LEASING, INC.**
3901 Fairbanks Ave., Yakima, WA 98902
Mail: P.O. Box 7, Yakima, WA 98907-0007
Phone: (800) 736-1530    Fax: (509) 453-3798    www.summitleasing.com

**2. LIMITATIONS ON OBLIGATIONS OF SUMMIT**
(A)  Summit shall not be obligated to collect any amounts due or which may become due on any of the collateral.
(B)  Summit may grant an extension of time to or renew any obligation of Customer without first obtaining the consent of Customer.
(C)  Summit assumes no obligations relative to the items of personal property leased by the above described agreement.

**3. EVENTS OF DEFAULT**
The following shall constitute events of default on the part of Customer:
(A)  Nonpayment or nonperformance when due of all or any part of any obligation of Customer to Summit.
(B)  Insolvency of Customer, an assignment by Customer for the benefit of creditors, the filing by Customer of a voluntary petition in bankruptcy, an adjudication that Customer is a bankrupt, or the appointment of a receiver of the properties of Customer.
(C)  Any financial statement, profit and loss statement, or other financial information furnished by Customer or any guarantor to Summit which proves to be false or incorrect.
(D)  Any decline or depreciation in the value of the collateral to become unsatisfactory in the judgment of Summit.

**4. SUMMIT'S RIGHTS IN EVENT OF DEFAULT**
In the event of any default, Summit may do any one or more of the following:
(A)  Declare any indebtedness secured hereby immediately due and payable, without notice or demand.
(B)  Require Customer to assemble any collateral in its possession and to deliver the same to Summit or its designee upon Summit's demand.
(C)  Without limiting the generality of the foregoing, Summit may sell the collateral at a private sale for less than its market value if a public sale of all or a substantial portion of the relevant collateral is restricted by law at that time.  If the proceeds from the disposition of the collateral are less than the indebtedness, Customer shall pay the deficiency to SUMMIT LEASING, INC., upon Summit's demand.
(D)  Take such measures as Summit may deem necessary or advisable to preserve, maintain, protect or care for the collateral or any portion thereof, and Customer hereby irrevocably constitutes and appoints SUMMIT LEASING, INC., as Customer's attorneyinfact to all acts and things in connection therewith.

**5. ASSIGNMENT OF THE COLLATERAL**
Summit may assign the whole, or any part of, the collateral.  In the event of any such transfer, the transferee shall have the same rights and powers with reference to the collateral transferred as are hereby given Summit and after such transfer Summit shall be free from any obligation to Customer with respect to the collateral transferred.  In the event of any such assignment, Summit shall have the sole right to determine what, if any, portion of the collateral shall be transferred to the assignee.

**6. MISCELLANEOUS**
Summit's waiver in any instance or instances of any right given it hereunder shall not be deemed a waiver of such rights in any subsequent instance.  Any notice which may be given hereunder shall be deemed to have been given when deposited in the United States mail in an envelope addressed to the person to whom the notice is to be given at his last known address.  Customer agrees to execute all stock powers, powers of attorney, assignments, notices or other writings reasonable required by Summit so that the collateral may be subject to the disposition of Summit as provided by this agreement and not subject to the control of Customer.

SECURED PARTY:  SUMMIT LEASING, INC.

By _____          Date _____

CUSTOMER:  The Ultimate Tan & Med Spa, LLC, Debra Crawford

_____          Date: _____
(Signature of Member)

_____          Date: _____
Debra Crawford, individually

**SUMMIT LEASING, INC.**
3901 Fairbanks Ave., Yakima, WA 98902
Mail: P.O. Box 7, Yakima, WA 98907-0007
Phone: (800) 736-1530    Fax: (509) 453-3798    www.summitleasing.com

2. LIMITATIONS ON OBLIGATIONS OF SUMMIT
(A) Summit shall not be obligated to collect any amounts due or which may become due on any of the collateral.
(B) Summit may grant an extension of time to or renew any obligation of Customer without first obtaining the consent of Customer.
(C) Summit assumes no obligations relative to the items of personal property leased by the above described agreement.

3. EVENTS OF DEFAULT
The following shall constitute events of default on the part of Customer:
(A) Nonpayment or nonperformance when due of all or any part of any obligation of Customer to Summit.
(B) Insolvency of Customer, an assignment by Customer for the benefit of creditors, the filing by Customer of a voluntary petition in bankruptcy, an adjudication that Customer is a bankrupt, or the appointment of a receiver of the properties of Customer.
(C) Any financial statement, profit and loss statement, or other financial information furnished by Customer or any guarantor to Summit which proves to be false or incorrect.
(D) Any decline or depreciation in the value of the collateral to become unsatisfactory in the judgment of Summit.

4. SUMMIT'S RIGHTS IN EVENT OF DEFAULT
In the event of any default, Summit may do any one or more of the following:
(A) Declare any indebtedness secured hereby immediately due and payable, without notice or demand.
(B) Require Customer to assemble any collateral in its possession and to deliver the same to Summit or its designee upon Summit's demand.
(C) Without limiting the generality of the foregoing, Summit may sell the collateral at a private sale for less than its market value if a public sale of all or a substantial portion of the relevant collateral is restricted by law at that time. If the proceeds from the disposition of the collateral are less than the indebtedness, Customer shall pay the deficiency to SUMMIT LEASING, INC., upon Summit's demand.
(D) Take such measures as Summit may deem necessary or advisable to preserve, maintain, protect or care for the collateral or any portion thereof, and Customer hereby irrevocably constitutes and appoints SUMMIT LEASING, INC., as Customer's attorneyinfact to all acts and things in connection therewith.

5. ASSIGNMENT OF THE COLLATERAL
Summit may assign the whole, or any part of, the collateral. In the event of any such transfer, the transferee shall have the same rights and powers with reference to the collateral transferred as are hereby given Summit and after such transfer Summit shall be free from any obligation to Customer with respect to the collateral transferred. In the event of any such assignment, Summit shall have the sole right to determine what, if any, portion of the collateral shall be transferred to the assignee.

6. MISCELLANEOUS
Summit's waiver in any instance or instances of any right given it hereunder shall not be deemed a waiver of such rights in any subsequent instance. Any notice which may be given hereunder shall be deemed to have been given when deposited in the United States mail in an envelope addressed to the person to whom the notice is to be given at his last known address. Customer agrees to execute all stock powers, powers of attorney, assignments, notices or other writings reasonable required by Summit so that the collateral may be subject to the disposition of Summit as provided by this agreement and not subject to the control of Customer.

SECURED PARTY: SUMMIT LEASING, INC.

By _____    Date _____

CUSTOMER: The Ultimate Tan & Med Spa, LLC, Debra Crawford

_____    Date: _____
(Signature of Member)

_____    Date: _____
Debra Crawford, Individually

Page 2 of 2
EFA Collateral Security Agreement
Agreement E14081  2/3/2012:MS/pb

EXHIBIT 1
Page 11 of 11

OR Sec of State
12/02/2013

Lien#: 8157520-4

8157520-4_5857737

UCC

*Continuation*
*12/19/18*

# UCC FINANCING STATEMENT AMENDMENT

FOLLOW INSTRUCTIONS

**A. NAME & PHONE OF CONTACT AT FILER (optional)**
Corporation Service Company    1-800-858-5294

**B. E-MAIL CONTACT AT FILER (optional)**
SPRFiling@cscinfo.com

**C.**

Corporation Service Company
285 Liberty St. NE
Salem, OR 97301
Filed In: Oregon
(S.O.S.)

THE ABOVE SPACE IS FOR FILING OFFICE USE ONLY

| 1a. INITIAL FINANCING STATEMENT FILE NUMBER | 1b. ☐ This FINANCING STATEMENT AMENDMENT is to be filed [for record] (or recorded) in the REAL ESTATE RECORDS Filer: attach Amendment Addendum (Form UCC3Ad) and provide Debtor's name in Item 13 |
|---|---|
| 8157520    12/19/2008 | |

**2.** ☐ **TERMINATION:** Effectiveness of the Financing Statement identified above is terminated with respect to the security interest(s) of Secured Party authorizing this Termination Statement

**3.** ☐ **ASSIGNMENT** (full or partial): Provide name of Assignee in item 7a or 7b, and address of Assignee in item 7c and name of Assignor in item 9
For partial assignment, complete items 7 and 9 and also indicate affected collateral in item 8

**4.** ☑ **CONTINUATION:** Effectiveness of the Financing Statement identified above with respect to the security interest(s) of Secured Party authorizing this Continuation Statement is continued for the additional period provided by applicable law

**5.** ☐ **PARTY INFORMATION CHANGE:**

Check *one* of these two boxes:    **AND** Check *one* of these three boxes to:

This Change affects ☐ Debtor *or* ☐ Secured Party of record    ☐ CHANGE name and/or address: Complete item 6a or 6b; and item 7a or 7b and item 7c    ☐ ADD name: Complete item 7a or 7b, and item 7c    ☐ DELETE name: Give record name to be deleted in item 6a or 6b

**6. CURRENT RECORD INFORMATION:** Complete for Party Information Change - provide only *one* name (6a or 6b)

| 6a. ORGANIZATION'S NAME | | | |
|---|---|---|---|
| **OR** 6b. INDIVIDUAL'S SURNAME | FIRST PERSONAL NAME | ADDITIONAL NAME(S)/INITIAL(S) | SUFFIX |
| NASS | DEBRA | | |

**7. CHANGED OR ADDED INFORMATION:** Complete for Assignment or Party Information Change - provide only *one* name (7a or 7b) (use exact, full name; do not omit, modify, or abbreviate any part of the Debtor's name)

| 7a. ORGANIZATION'S NAME | | | |
|---|---|---|---|
| **OR** 7b. INDIVIDUAL'S SURNAME | | | |
| INDIVIDUAL'S FIRST PERSONAL NAME | | | |
| INDIVIDUAL'S ADDITIONAL NAME(S)/INITIAL(S) | | | SUFFIX |

| 7c. MAILING ADDRESS | CITY | STATE | POSTAL CODE | COUNTRY |
|---|---|---|---|---|
| | | | | |

**8.** ☐ **COLLATERAL CHANGE:** Also check *one* of these four boxes: ☐ ADD collateral    ☐ DELETE collateral    ☐ RESTATE covered collateral    ☐ ASSIGN collateral
Indicate collateral:

**9. NAME OF SECURED PARTY OF RECORD AUTHORIZING THIS AMENDMENT:** Provide only *one* name (9a or 9b) (name of Assignor, if this is an Assignment)
If this is an Amendment authorized by a DEBTOR, check here ☐ and provide name of authorizing Debtor

| 9a. ORGANIZATION'S NAME SUMMIT LEASING, INC. | | | |
|---|---|---|---|
| **OR** 9b. INDIVIDUAL'S SURNAME | FIRST PERSONAL NAME | ADDITIONAL NAME(S)/INITIAL(S) | SUFFIX |

**10. OPTIONAL FILER REFERENCE DATA** ULTIMATE TAN    DBA    12967    MS/JJ/pb    82141279

FILING OFFICE COPY — UCC FINANCING STATEMENT AMENDMENT (Form UCC3) (Rev. 04/20/11)

Corporation Service Company
2711 Centerville Rd, Ste. 400
Wilmington, DE 19808

EXHIBIT 2
Page 1 of 19

**State of Oregon**
Corporation Division - UCC
Public Service Building - 255 Capitol Street NE, Suite 151
Salem, OR 97310-1327
(503) 986-2200 Facsimile (503) 373-1166

ACKNOWLEDGMENT NOTICE

CORPORATION SERVICE COMPANY
285 LIBERTY ST NE STE 370
SALEM, OR 97301

File Number: 8765161
File Date: 04/18/2011
Exp. Date: 04/18/2016
Entered By: jodfor
Doc Type: UCC
New Filing

Your document was filed showing the file number and date listed above.

If you have any questions regarding this notice, contact the Secretary of State, Corporation Division.  Please refer to the file number listed above.

Note:  You can access our records or filing forms through the Internet at the address:

http://www.ucc.sos.state.or.us

**Secured party of record name(s) and address(es)**

Organization:   SUMMIT LEASEING, INC.
PO BOX 7
YAKIMA, WA 98907

**Debtor name(s) and address(es)**

Organization:   THE ULTIMATE TAN
15986 SW TUALATIN SHERWOOD RD
SHERWOOD, OR 97140

Individual:   NASS, DEBRA
15986 SW TUALATIN SHERWOOD RD
SHERWOOD, OR 97140

#11859

EXHIBIT 2
Page 2 of 19

State of Oregon
Initial Filing 1 Page(s)

8765161
04/18/11 03:56 PM
OR Sec. of State

9040454911

## UCC FINANCING STATEMENT
FOLLOW INSTRUCTIONS (front and back) CAREFULLY

A. NAME & PHONE OF CONTACT AT FILER [optional]
   CSC    1-800-858-5294

B. SEND ACKNOWLEDGMENT TO:   (Name and Address)

┌─────────────────────────────────────┐
│ 57589662 - 306350                     │
│                                       │
│ CORPORATION SERVICE COMPANY           │
│ 285 LIBERTY ST. SUITE 370             │
│ SALEM, OREGON 97301                   │
│                                       │
│                    Filed In: Oregon  (S.O.S.) │
└─────────────────────────────────────┘

THE ABOVE SPACE IS FOR FILING OFFICE USE ONLY

1. DEBTOR'S EXACT FULL LEGAL NAME - insert only one debtor name (1a or 1b) - do not abbreviate or combine names

| 1a. ORGANIZATION'S NAME    The Ultimate Tan | | | | |
|---|---|---|---|---|
| OR | 1b. INDIVIDUAL'S LAST NAME | FIRST NAME | MIDDLE NAME | SUFFIX |
| 1c. MAILING ADDRESS    15986 SW Tualatin Sherwood Rd | CITY  Sherwood | STATE  OR | POSTAL CODE  97140 | COUNTRY  USA |
| 1d. SEE INSTRUCTIONS | ADD'L INFO RE ORGANIZATION DEBTOR | 1e. TYPE OF ORGANIZATION  Corp. | 1f. JURISDICTION OF ORGANIZATION  OR | 1g. ORGANIZATIONAL ID #, if any         ☒ NONE |

2. ADDITIONAL DEBTOR'S EXACT FULL LEGAL NAME - insert only one debtor name (2a or 2b) - do not abbreviate or combine names

| 2a. ORGANIZATION'S NAME | | | | |
|---|---|---|---|---|
| OR | 2b. INDIVIDUAL'S LAST NAME  Nass | FIRST NAME  Debra | MIDDLE NAME | SUFFIX |
| 2c. MAILING ADDRESS    15986 SW Tualatin Sherwood Rd | CITY  Sherwood | STATE  OR | POSTAL CODE  97140 | COUNTRY  USA |
| 2d. SEE INSTRUCTIONS | ADD'L INFO RE ORGANIZATION DEBTOR | 2e. TYPE OF ORGANIZATION  Individual | 2f. JURISDICTION OF ORGANIZATION  OR | 2g. ORGANIZATIONAL ID #, if any         ☒ NONE |

3. SECURED PARTY'S NAME (or NAME of TOTAL ASSIGNEE of ASSIGNOR S/P) - insert only one secured party name (3a or 3b)

| 3a. ORGANIZATION'S NAME    SUMMIT LEASING, INC. | | | | |
|---|---|---|---|---|
| OR | 3b. INDIVIDUAL'S LAST NAME | FIRST NAME | MIDDLE NAME | SUFFIX |
| 3c. MAILING ADDRESS    PO BOX 7 | CITY  YAKIMA | STATE  WA | POSTAL CODE  98907 | COUNTRY  USA |

4. This FINANCING STATEMENT covers the following collateral:

2 Heartland Acclaim LP Tanning Beds  SN:ACLP06662, ACLP06663

| 5. ALTERNATIVE DESIGNATION (if applicable): | ☒ LESSEE/LESSOR | CONSIGNEE/CONSIGNOR | BAILEE/BAILOR | SELLER/BUYER | AG. LIEN | NON-UCC FILING |
|---|---|---|---|---|---|---|
| 6. This FINANCING STATEMENT is to be filed [for record] (or recorded) in the REAL ESTATE RECORDS    Attach Addendum    [if applicable] | | 7. Check to REQUEST SEARCH REPORT(S) on Debtor(s) [ADDITIONAL FEE]    [optional] | | All Debtors | Debtor 1 | Debtor 2 |

8. OPTIONAL FILER REFERENCE DATA  Ultimate Tan  11859  MS/pb

57589662

FILING OFFICE COPY — UCC FINANCING STATEMENT (FORM UCC1) (REV. 05/22/02)

EXHIBIT 2
Page 3 of 19

7234945
4/17/2006 2:26:36 PM
OR Sec. of State

9000679207

## UCC FINANCING STATEMENT

FOLLOW INSTRUCTIONS (front and back) CAREFULLY

A. NAME & PHONE OF CONTACT AT FILER [optional]

DILIGENZ, INC.    1-800-858-5294

B. SEND ACKNOWLEDGMENT TO: (Name and Address)

18889795
PREPARED BY:

DILIGENZ, INC.
6500 HARBOUR HEIGHTS PKWY, SUITE 400
MUKILTEO, WA 98275    Filed in: Oregon  (S.O.S.)

THE ABOVE SPACE IS FOR FILING OFFICE USE ONLY

1. DEBTOR'S EXACT FULL LEGAL NAME - insert only one debtor name (1a or 1b) - do not abbreviate or combine names

1a. ORGANIZATION'S NAME

THE ULTIMATE TAN

| 1b. INDIVIDUAL'S LAST NAME | FIRST NAME | MIDDLE NAME | SUFFIX |
|---|---|---|---|
| | | | |

| 1c. MAILING ADDRESS | CITY | STATE | POSTAL CODE | COUNTRY |
|---|---|---|---|---|
| 15986 SW TUALATIN SHERWOOD RD | SHERWOOD | OR | 97140 | USA |

| 1d. TAX ID #: SSN OR EIN | ADD'L INFO RE ORGANIZATION DEBTOR | 1e. TYPE OF ORGANIZATION | 1f. JURISDICTION OR ORGANIZATION | 1g. ORGANIZATIONAL ID #, if any | |
|---|---|---|---|---|---|
| | | COMPANY | OR | | ☒ NONE |

2. ADDITIONAL DEBTOR'S EXACT FULL LEGAL NAME - insert only one debtor name (2a or 2b) - do not abbreviate or combine names

2a. ORGANIZATION'S NAME

| 2b. INDIVIDUAL'S LAST NAME | FIRST NAME | MIDDLE NAME | SUFFIX |
|---|---|---|---|
| NASS | DEBRA | | |

| 2c. MAILING ADDRESS | CITY | STATE | POSTAL CODE | COUNTRY |
|---|---|---|---|---|
| 15986 SW TUALATIN SHERWOOD RD | SHERWOOD | OR | 97140 | USA |

| 2d. TAX ID #: SSN OR EIN | ADD'L INFO RE ORGANIZATION DEBTOR | 2e. TYPE OF ORGANIZATION | 2f. JURISDICTION OF ORGANIZATION | 2g. ORGANIZATIONAL ID #, if any | |
|---|---|---|---|---|---|
| | | INDIVIDUAL | OR | | ☒ NONE |

3. SECURED PARTY'S NAME (or NAME of TOTAL ASSIGNEE of ASSIGNOR S/P) - insert only one secured party name (3a or 3b)

3a. ORGANIZATION'S NAME

SUMMIT LEASING, INC.

| 3b. INDIVIDUAL'S LAST NAME | FIRST NAME | MIDDLE NAME | SUFFIX |
|---|---|---|---|
| | | | |

| 3c. MAILING ADDRESS | CITY | STATE | POSTAL CODE | COUNTRY |
|---|---|---|---|---|
| PO BOX 7 | YAKIMA | WA | 98907 | USA |

4. This FINANCING STATEMENT covers the following collateral:
2 HEART-LAND ACCLAIM LP TANNING BEDS    SN:ACLP06662/ ACLP06663

| 5. ALTERNATIVE DESIGNATION [if applicable]: | ☒ LESSEE/LESSOR | CONSIGNEE/CONSIGNOR | BAILEE/BAILOR | SELLER/BUYER | AG. LIEN | NON-UCC FILING |
|---|---|---|---|---|---|---|

6. ☐ This FINANCING STATEMENT is to be filed [for record] (or recorded) in the REAL ESTATE RECORDS.    Attach Addendum [if applicable]
7. Check to REQUEST SEARCH REPORT(S) on Debtor(s) [ADDITIONAL FEE] [optional]    ☐ All Debtors  ☐ Debtor 1  ☐ Debtor 2

8. OPTIONAL FILER REFERENCE DATA

THE ULTIMATE TAN    18889795

FILING OFFICE COPY — NATIONAL UCC FINANCING STATEMENT (FORM UCC1) (REV. 07/29/98)

EXHIBIT 2
Page 4 of 19

**STATE OF OREGON**
Corporation Division - UCC
Public Service Building
255 Capitol Street NE, Suite 151
Salem, OR 97310 - 1327
(503) 986-2200 Facsimile (503) 373-1166

## ACKNOWLEDGMENT NOTICE

| | |
|---|---|
| File No: | 7234945 |
| File Date: | 04/17/2006 |
| Expiration Date: | 04/17/2011 |
| Entered By: | THEJOH |
| Doc Type: | UCC-1    NEW FILING |

DILIGENZ, INC.
8500 HARBOUR HEIGHTS PKWY STE 400
MUKILTEO, WA 98275

Your document was filed showing the file number and date listed above. The debtor name(s) and address(es) and secured party of record name(s) and address(es) are listed below.

If you have any questions regarding this notice, contact the Secretary of State, Corporation Division. Please refer to the file number listed above.

Note: You can access our records or filing forms through the Internet at the address:
        http://filinginoregon.com

Secured party of record name(s) and address(es)

SUMMIT LEASING, INC.
PO BOX 7
YAKIMA, WA 98907

Debtor name(s) and address(es)

THE ULTIMATE TAN
15986 SW TUALATIN SHERWOOD RD
SHERWOOD, OR 97140

DEBRA NASS
15986 SW TUALATIN SHERWOOD RD
SHERWOOD, OR 97140

EXHIBIT 2
Page 5 of 19

State of Oregon
Amendment 1 Page(s)

||||||||||||||||||||||||||||||||||||
9029715509

7531872-2
08/16/07 02:40 PM
OR Sec. of State

**UCC FINANCING STATE**

FOLLOW INSTRUCTIONS (front and back) CAREFULLY

A. NAME & PHONE OF CONTACT AT FILER (optional)
DILIGENZ, INC.    1-800-858-5294

B. SEND ACKNOWLEDGMENT TO: (Name and Address)

⌐ 28366221
PREPARED BY:
DILIGENZ, INC.
6500 HARBOUR HEIGHTS PKWY, SUITE 400
MUKILTEO, WA 98275 ⌐

THE ABOVE SPACE IS FOR FILING OFFICE USE ONLY

| 1a. INITIAL FINANCING STATEMENT FILE # 7531872   2/22/2007 | 1b. This FINANCING STATEMENT AMENDMENT is to be filed [for record] (or recorded) in the REAL ESTATE RECORDS. |
|---|---|

2. ☐ TERMINATION: Effectiveness of the Financing Statement identified above is terminated with respect to security interest(s) of the Secured Party authorizing this Termination Statement.

3. ☐ CONTINUATION: Effectiveness of the Financing Statement identified above with respect to security interest(s) of the Secured Party authorizing this Continuation Statement is continued for the additional period provided by applicable law.

4. ☐ ASSIGNMENT (full or partial): Give name of assignee in item 7a or 7b and address of assignee in item 7c; and also give name of assignor in item 8.

5. AMENDMENT (PARTY INFORMATION): This Amendment affects ☑ Debtor or ☐ Secured Party of record. Check only one of these two boxes.
Also check one of the following three boxes and provide appropriate information in items 6 and/or 7.
☐ CHANGE name and/or address: Please refer to the detailed instructions in regards to changing the name/address of a party. ☐ DELETE name: Give record name to be deleted in item 6a or 6b. ☑ ADD name: Complete item 7a or 7b, and also item 7c; also complete items 7e-7g (if applicable).

6. CURRENT RECORD INFORMATION:

| 6a. ORGANIZATION'S NAME |
|---|
| THE ULTIMATE TAN |

| OR | 6b. INDIVIDUAL'S LAST NAME | FIRST NAME | MIDDLE NAME | SUFFIX |
|---|---|---|---|---|
| | | | | |

7. CHANGED (NEW) OR ADDED INFORMATION:

| 7a. ORGANIZATION'S NAME |
|---|
| |

| OR | 7b. INDIVIDUAL'S LAST NAME | FIRST NAME | MIDDLE NAME | SUFFIX |
|---|---|---|---|---|
| | NASS | DEBRA | | |

| 7c. MAILING ADDRESS | CITY | STATE | POSTAL CODE | COUNTRY |
|---|---|---|---|---|
| 15901 SW ORIOLE COURT | SHERWOOD | OR | 97140 | |

| 7d. SEE INSTRUCTIONS | ADD'L INFO RE ORGANIZATION DEBTOR | 7e. TYPE OF ORGANIZATION | 7f. JURISDICTION OF ORGANIZATION | 7g. ORGANIZATIONAL ID #, if any | |
|---|---|---|---|---|---|
| | | | | | ☐ NONE |

8. AMENDMENT (COLLATERAL CHANGE): check only one box.
Describe collateral ☐ deleted or ☐ added, or give entire ☐ restated collateral description, or describe collateral ☐ assigned.

9. NAME OF SECURED PARTY OF RECORD AUTHORIZING THIS AMENDMENT (name of assignor, if this is an Assignment). If this is an Amendment authorized by a Debtor which adds collateral or adds the authorizing Debtor, or if this is a Termination authorized by a Debtor, check here ☐ and enter name of DEBTOR authorizing this Amendment).

| 9a. ORGANIZATION'S NAME |
|---|
| SUMMIT LEASING, INC. |

| OR | 9b. INDIVIDUAL'S LAST NAME | FIRST NAME | MIDDLE NAME | SUFFIX |
|---|---|---|---|---|
| | | | | |

10. OPTIONAL FILER REFERENCE DATA
THE ULTIMATE TAN 12244 MS/AM/CP                                    28366221

FILING OFFICE COPY — UCC FINANCING STATEMENT AMENDMENT (FORM UCC3) (REV. 05/22/02)

#12244 𝒰

EXHIBIT 2
Page 6 of 19

**State of Oregon**
Corporation Division - UCC
Public Service Building - 255 Capitol Street NE, Suite 151
Salem, OR 97310-1327
(503) 986-2200 Facsimile (503) 373-1166

ACKNOWLEDGMENT NOTICE

CSC DILIGENZ, INC                          File Number: 7531872-2
6500 HARBOUR HEIGHTS PKWY STE 400            File Date: 08/16/2007
MUKILTEO, WA 98275                           Exp. Date: 02/22/2012
                                           Entered By: ginspo
                                           Doc Type: UCC
                                                    Amendment Parties
                                                    DebtorAdd

Your document was filed showing the file number and date listed above.

If you have any questions regarding this notice, contact the Secretary of State, Corporation
Division.  Please refer to the file number listed above.

Note:  You can access our records or filing forms through the Internet at the address:

                    http://www.ucc.sos.state.or.us

**Debtor name(s) and address(es)**

Individual:        NASS, DEBRA
                   15901 SW ORIOLE COURT
                   SHERWOOD, OR 97140

EXHIBIT 2
Page 7 of 19

State of Oregon
Amendment 2 Page(s)

9028246407

7531872-1
03/13/07 02:27 PM
OR Sec. of State

## UCC FINANCING STATEMENT AMENDMENT

FOLLOW INSTRUCTIONS (front and back) CAREFULLY

**A. NAME & PHONE OF CONTACT AT FILER (optional)**
DILIGENZ, INC.    1-800-858-5294

**B. SEND ACKNOWLEDGMENT TO: (Name and Address)**

┌ 25007728
  PREPARED BY:

  DILIGENZ, INC.
  6500 HARBOUR HEIGHTS PKWY, SUITE 400
  MUKILTEO, WA 98275 ┘

THE ABOVE SPACE IS FOR FILING OFFICE USE ONLY

**1a. INITIAL FINANCING STATEMENT FILE #**
7531872-1 05/27/2004

**1b.** ☐ This FINANCING STATEMENT AMENDMENT is to be filed [for record] (or recorded) in the REAL ESTATE RECORDS.

**2.** ☐ **TERMINATION:** Effectiveness of the Financing Statement identified above is terminated with respect to security interest(s) of the Secured Party authorizing this Termination Statement.

**3.** ☐ **CONTINUATION:** Effectiveness of the Financing Statement identified above with respect to security interest(s) of the Secured Party authorizing this Continuation Statement is continued for the additional period provided by applicable law.

**4.** ☐ **ASSIGNMENT (full or partial):** Give name of assignee in item 7a or 7b and address of assignee in item 7c; and also give name of assignor in item 9.

**5. AMENDMENT (PARTY INFORMATION):** This Amendment affects ☐ Debtor or ☐ Secured Party of record. Check only one of these two boxes.
Also check one of the following three boxes and provide appropriate information in items 6 and/or 7.

☐ CHANGE name and/or address: Give current record name in item 6a or 6b; also give new name (if name change) in item 7a or 7b and/or new address (if address change) in item 7c.   ☐ DELETE name: Give record name to be deleted in item 6a or 6b.   ☐ ADD name: Complete item 7a or 7b, and also item 7c; also complete items 7d-7g (if applicable).

**6. CURRENT RECORD INFORMATION:**

**6a. ORGANIZATION'S NAME**
THE ULTIMATE TAN

OR | **6b. INDIVIDUAL'S LAST NAME** | FIRST NAME | MIDDLE NAME | SUFFIX

**7. CHANGED (NEW) OR ADDED INFORMATION:**

**7a. ORGANIZATION'S NAME**

OR | **7b. INDIVIDUAL'S LAST NAME** | FIRST NAME | MIDDLE NAME | SUFFIX

| **7c. MAILING ADDRESS** | CITY | STATE | POSTAL CODE | COUNTRY |

| **7d. TAX ID #  SSN OR EIN** | ADD'L INFO RE ORGANIZATION DEBTOR | **7e. TYPE OF ORGANIZATION** | **7f. JURISDICTION OF ORGANIZATION** | **7g. ORGANIZATIONAL ID #, if any** | ☐ NONE |

**8. AMENDMENT (COLLATERAL CHANGE):** check only one box.
Describe collateral ☐ deleted or ☐ added, or give entire ☐ restated collateral description, or describe collateral ☐ assigned.
PER ATTACHED SCHEDULE I

**9. NAME OF SECURED PARTY OF RECORD AUTHORIZING THIS AMENDMENT** (name of assignor, if this is an Assignment). If this is an Amendment authorized by a Debtor which adds collateral or adds the authorizing Debtor, or if this is a Termination authorized by a Debtor, check here ☐ and enter name of DEBTOR authorizing this Amendment.

**9a. ORGANIZATION'S NAME**
SUMMIT LEASING, INC.

OR | **9b. INDIVIDUAL'S LAST NAME** | FIRST NAME | MIDDLE NAME | SUFFIX

**10. OPTIONAL FILER REFERENCE DATA**
ULTIMATE TAN                                                              25007728

FILING OFFICE COPY — NATIONAL UCC FINANCING STATEMENT AMENDMENT (FORM UCC3) (REV. 07/29/98)

EXHIBIT 2
Page 8 of 19

## State of Oregon
### Corporation Division - UCC
Public Service Building - 255 Capitol Street NE, Suite 151
Salem, OR 97310-1327
(503) 986-2200 Facsimile (503) 373-1166

### ACKNOWLEDGMENT NOTICE

DILIGENZ
6500 HARBOUR HEIGHTS PKWY STE 400
MUKILTEO, WA 98275

**File Number:** 7531872-1
**File Date:** 03/13/2007
**Exp. Date:** 02/22/2012
**Entered By:** robcon
**Doc Type:** UCC
Amendment Collateral
CollateralRestate

Your document was filed showing the file number and date listed above.

If you have any questions regarding this notice, contact the Secretary of State, Corporation Division.  Please refer to the file number listed above.

Note:  You can access our records or filing forms through the Internet at the address:

http://www.ucc.sos.state.or.us

EXHIBIT 2
Page 9 of 19

## SCHEDULE "1"

**LESSEE:  Debra Nass**
**D/B/A THE ULTIMATE TAN**

**LEASE NUMBER:  12244**

| QTY | DESCRIPTION | |
|---|---|---|

**SERIAL NUMBERS FORTHCOMING**

| | | |
|---|---|---|
| (1) | PANEL BOOSTER 200- AMP 208 TO 235V | |
| (1) | PANEL BOOSTER 200- AMP 208 TO 235V | |
| (1) | FUTURE INDUSTRIES ELIXIR | SN:E403-0091 |
| (1) | ERGOLINE CLASSIC 600 | SN:9000800682000596 |
| (1) | SUNDASH RADIUS 252 | SN:1057 |
| (1) | T-MAX PRO MANAGER | |
| (1) | MODEL MATRIX L33 | SN: 1830377 |
| (1) | MODEL MATRIX  L33 | SN: 1830378 |
| (1) | MAGIC TAN MT 3000 | SN: 3001 |

| | |
|---|---|
| MYSTIC SPRAY BOOTH | SN:TBU-12083 |
| SUNDASH RADIUS 252 | SN 627 |
| 2 ERGOLINE CLASSIC 600 | SN 693, 438 |
| ERGOLINE CLASSIC 650 | SN 593 |
| TAN AMERICA VIP 32 | SN A-1023 |

**Initials _____**

Attachment to Lease Agreement No. 12244 :MS/am
Summit Leasing, Inc., P.O. Box 7, Yakima, WA 98907

State of Oregon
Initial Filing 2 Page(s)

9028089607

7531872
02/22/07 02:00 PM
OR Sec. of State

**UCC FINANCING STATEMENT**
FOLLOW INSTRUCTIONS (front and back) CAREFULLY

A. NAME & PHONE OF CONTACT AT FILER (optional)
DILIGENZ, INC.  1-800-858-5294

B. SEND ACKNOWLEDGMENT TO: (Name and Address)

24637293
PREPARED BY:

DILIGENZ, INC.
6500 HARBOUR HEIGHTS PKWY, SUITE 400
MUKILTEO, WA 98275
Filed In: Oregon (S.O.S.)

THE ABOVE SPACE IS FOR FILING OFFICE USE ONLY

1. DEBTOR'S EXACT FULL LEGAL NAME - insert only one debtor name (1a or 1b) - do not abbreviate or combine names

1a. ORGANIZATION'S NAME
THE ULTIMATE TAN

| 1b. INDIVIDUAL'S LAST NAME | FIRST NAME | MIDDLE NAME | SUFFIX |
|---|---|---|---|

| 1c. MAILING ADDRESS | CITY | STATE | POSTAL CODE | COUNTRY |
|---|---|---|---|---|
| 15901 SW ORIOLE COURT | SHERWOOD | OR | 97140 | USA |

1d. TAX ID #: SSN OR EIN | ADD'L INFO RE ORGANIZATION DEBTOR | 1e. TYPE OF ORGANIZATION SOLE PROPRIET | 1f. JURISDICTION OF ORGANIZATION OR | 1g. ORGANIZATIONAL ID #, if any  ☒ NONE

2. ADDITIONAL DEBTOR'S EXACT FULL LEGAL NAME - insert only one debtor name (2a or 2b) - do not abbreviate or combine names

2a. ORGANIZATION'S NAME

| 2b. INDIVIDUAL'S LAST NAME | FIRST NAME | MIDDLE NAME | SUFFIX |
|---|---|---|---|

| 2c. MAILING ADDRESS | CITY | STATE | POSTAL CODE | COUNTRY |
|---|---|---|---|---|

2d. TAX ID #: SSN OR EIN | ADD'L INFO RE ORGANIZATION DEBTOR | 2e. TYPE OF ORGANIZATION | 2f. JURISDICTION OF ORGANIZATION | 2g. ORGANIZATIONAL ID #, if any  ☐ NONE

3. SECURED PARTY'S NAME (or NAME of TOTAL ASSIGNEE of ASSIGNOR S/P) - insert only one secured party name (3a or 3b)

3a. ORGANIZATION'S NAME
SUMMIT LEASING, INC.

| 3b. INDIVIDUAL'S LAST NAME | FIRST NAME | MIDDLE NAME | SUFFIX |
|---|---|---|---|

| 3c. MAILING ADDRESS | CITY | STATE | POSTAL CODE | COUNTRY |
|---|---|---|---|---|
| PO BOX 7 | YAKIMA | WA | 98907 | USA |

4. This FINANCING STATEMENT covers the following collateral:
PER ATTACHED SCHEDULE 1

5. ALTERNATIVE DESIGNATION (if applicable): ☒ LESSEE/LESSOR | CONSIGNEE/CONSIGNOR | BAILEE/BAILOR | SELLER/BUYER | AG. LIEN | NON-UCC FILING
6. This FINANCING STATEMENT is to be filed [for record] (or recorded) in the REAL ESTATE RECORDS.  Attach Addendum [if applicable] | Check to REQUEST SEARCH REPORT(S) on Debtor(s) [ADDITIONAL FEE] [optional] | All Debtors | Debtor 1 | Debtor 2
8. OPTIONAL FILER REFERENCE DATA
THE ULTIMATE TAN 12244                                    24637293

FILING OFFICE COPY — NATIONAL UCC FINANCING STATEMENT (FORM UCC1) (REV. 07/29/98)

EXHIBIT 2
Page 11 of 19

## State of Oregon
### Corporation Division - UCC
Public Service Building - 255 Capitol Street NE, Suite 151
Salem, OR 97310-1327
(503) 986-2200 Facsimile (503) 373-1166

### ACKNOWLEDGMENT NOTICE

DILIGENZ
6500 HARBOUR HEIGHTS PKWY STE 400
MUKILTEO, WA 98275

File Number: 7531872
File Date: 02/22/2007
Exp. Date: 02/22/2012
Entered By: robcon
Doc Type: UCC
New Filing

Your document was filed showing the file number and date listed above.

If you have any questions regarding this notice, contact the Secretary of State, Corporation Division. Please refer to the file number listed above.

Note: You can access our records or filing forms through the Internet at the address:

http://www.ucc.sos.state.or.us

**Secured party of record name(s) and address(es)**

Organization:     SUMMIT LEASING, INC.
                  PO BOX 7
                  YAKIMA, WA 98907

**Debtor name(s) and address(es)**

Organization:     THE ULTIMATE TAN
                  15901 SW ORIOLE COURT
                  SHERWOOD, OR 97140

EXHIBIT 2
Page 12 of 19

# State of Oregon
## Corporation Division - UCC
Public Service Building - 255 Capitol Street NE, Suite 151
Salem, OR 97310-1327
(503) 986-2200 Facsimile (503) 373-1166

### ACKNOWLEDGMENT NOTICE

CSC DILIGENZ, INC
6500 HARBOUR HEIGHTS PKWY STE 400
MUKILTEO, WA 98275

**File Number:** 8157520
**File Date:** 12/19/2008
**Exp. Date:** 12/19/2013
**Entered By:** robcon
**Doc Type:** UCC
New Filing

Your document was filed showing the file number and date listed above.

If you have any questions regarding this notice, contact the Secretary of State, Corporation Division.  Please refer to the file number listed above.

Note:  You can access our records or filing forms through the Internet at the address:

http://www.ucc.sos.state.or.us

**Secured party of record name(s) and address(es)**

Organization:    SUMMIT LEASING, INC.
PO BOX 7
YAKIMA, WA 98907

**Debtor name(s) and address(es)**

Individual:    NASS, DEBRA
14901 SW ORIOLE COURT
SHERWOOD, OR 97140

Organization:    ULTIMATE TAN (THE)
2296 GABLE ROAD, SUITE 240
SAINT HELENS, OR 97051

#12967

EXHIBIT 2
Page 13 of 19

State of Oregon
Initial Filing 1 Page(s)

8157520
12/19/08 03:16 PM
OR Sec. of State

9033903009

**UCC FINANCING S_____**
FOLLOW INSTRUCTIONS (front and back) CAREFULLY

A. NAME & PHONE OF CONTACT AT FILER [optional]
CSC DILIGENZ, INC.    1-800-858-5294

B. SEND ACKNOWLEDGMENT TO: (Name and Address)

┌─────────────────────────────────────────────┐
│ 39062005                                      │
│ CSC DILIGENZ, INC.                            │
│ 6500 HARBOUR HEIGHTS PKWY, SUITE 400          │
│ MUKILTEO, WA 98275                            │
│                                               │
│              Filed in: Oregon (S.O.S.)        │
└─────────────────────────────────────────────┘

THE ABOVE SPACE IS FOR FILING OFFICE USE ONLY

1. DEBTOR'S EXACT FULL LEGAL NAME - insert only one debtor name (1a or 1b) - do not abbreviate or combine names

| | | | | | |
|---|---|---|---|---|---|
| 1a. ORGANIZATION'S NAME | | | | | |

OR

| 1b. INDIVIDUAL'S LAST NAME | FIRST NAME | | MIDDLE NAME | | SUFFIX |
|---|---|---|---|---|---|
| NASS | DEBRA | | | | |
| 1c. MAILING ADDRESS | CITY | | STATE | POSTAL CODE | COUNTRY |
| 15901 SW ORIOLE COURT | SHERWOOD | | OR | 97140 | USA |
| 1d. SEE INSTRUCTIONS | ADD'L INFO RE ORGANIZATION DEBTOR | 1e. TYPE OF ORGANIZATION INDIVIDUAL | 1f. JURISDICTION OF ORGANIZATION OR | 1g. ORGANIZATIONAL ID #, if any | ☑ NONE |

2. ADDITIONAL DEBTOR'S EXACT FULL LEGAL NAME - insert only one debtor name (2a or 2b) - do not abbreviate or combine names

| 2a. ORGANIZATION'S NAME | | | | | |
|---|---|---|---|---|---|
| ULTIMATE TAN (THE) | | | | | |

OR

| 2b. INDIVIDUAL'S LAST NAME | FIRST NAME | | MIDDLE NAME | | SUFFIX |
|---|---|---|---|---|---|
| | | | | | |
| 2c. MAILING ADDRESS | CITY | | STATE | POSTAL CODE | COUNTRY |
| 2296 GABLE ROAD, SUITE 240 | ST. HELENS | | OR | 97051 | USA |
| 2d. SEE INSTRUCTIONS | ADD'L INFO RE ORGANIZATION DEBTOR | 2e. TYPE OF ORGANIZATION SOLE | 2f. JURISDICTION OF ORGANIZATION OR | 2g. ORGANIZATIONAL ID #, if any 454814-96 | ☐ NONE |

3. SECURED PARTY'S NAME (or NAME of TOTAL ASSIGNEE of ASSIGNOR S/P) - insert only one secured party name (3a or 3b)

| 3a. ORGANIZATION'S NAME | | | | | |
|---|---|---|---|---|---|
| SUMMIT LEASING, INC. | | | | | |

OR

| 3b. INDIVIDUAL'S LAST NAME | FIRST NAME | | MIDDLE NAME | | SUFFIX |
|---|---|---|---|---|---|
| | | | | | |
| 3c. MAILING ADDRESS | CITY | | STATE | POSTAL CODE | COUNTRY |
| PO BOX 7 | YAKIMA | | WA | 98907 | USA |

4. This FINANCING STATEMENT covers the following collateral:
DBA THE ULTIMATE TAN
EQUIPMENT LOCATION: 2296 GABLE ROAD, SUITE 240, ST. HELENS, OR
(1) OPEN SUN S/N: 057853; (1) MYSTIC MT 3000 SPRAY BOOTH S/N: 20031066; (1) SOLTRON SHARK S/N: 798313;
(2) SUNDASH 252 S/N: 798313 & 8008097050003563; (2) SOLTRON HOT PEPPER S/N: 772223 & 773146;
(1) DR. MUELLER ONYX S/N: 1964; (1) T-MAX MANAGER PRO

5. ALTERNATIVE DESIGNATION (if applicable): ☑ LESSEE/LESSOR ☐ CONSIGNEE/CONSIGNOR ☐ BAILEE/BAILOR ☐ SELLER/BUYER ☐ AG. LIEN ☐ NON-UCC FILING

6. This FINANCING STATEMENT is to be filed [for record] (or recorded) in the REAL ESTATE RECORDS. Attach Addendum [if applicable] | 7. Check to REQUEST SEARCH REPORT(S) on Debtor(s) [ADDITIONAL FEE] [optional] | All Debtors ☐ Debtor 1 ☐ Debtor 2

8. OPTIONAL FILER REFERENCE DATA
ULTIMATE TAN, DBA: 12967 MS/JJ                                    39062005

FILING OFFICE COPY — UCC FINANCING STATEMENT (FORM UCC1) (REV. 05/22/02)

EXHIBIT 2
Page 14 of 19

CRAWFORD, DEBRA ANN

OR Sec of State
04/16/2012

8157520-1_5766660

Lien#: 8157520-1

UCC

## UCC FINANCING STATEMENT AMENDMENT
FOLLOW INSTRUCTIONS (front and back) CAREFULLY

A. NAME & PHONE OF CONTACT AT FILER [optional]
CSC   1-800-858-5294

B. SEND ACKNOWLEDGMENT TO: (Name and Address)

66089495 - 306350

Corporation Service Company
285 Liberty St. NE
Salem, OR 97301

THE ABOVE SPACE IS FOR FILING OFFICE USE ONLY

| 1a. INITIAL FINANCING STATEMENT FILE # | 1b. This FINANCING STATEMENT AMENDMENT is to be filed [for record] (or recorded) in the REAL ESTATE RECORDS. |
|---|---|
| 8157520   12/19/2008 | |

2. ☐ TERMINATION: Effectiveness of the Financing Statement identified above is terminated with respect to security interest(s) of the Secured Party authorizing this Termination Statement.

3. ☐ CONTINUATION: Effectiveness of the Financing Statement identified above with respect to security interest(s) of the Secured Party authorizing this Continuation Statement is continued for the additional period provided by applicable law.

4. ☐ ASSIGNMENT (full or partial): Give name of assignee in item 7a or 7b and address of assignee in item 7c; and also give name of assignor in item 9.

5. AMENDMENT (PARTY INFORMATION): This Amendment affects ☒ Debtor or ☐ Secured Party of record. Check only one of these two boxes.
Also check one of the following three boxes and provide appropriate information in items 6 and/or 7.

☐ CHANGE name and/or address: Please refer to the detailed instructions in regards to changing the name/address of a party.   ☐ DELETE name: Give record name to be deleted in item 6a or 6b.   ☒ ADD name: Complete item 7a or 7b, and also item 7c; also complete items 7e-7g (if applicable).

6. CURRENT RECORD INFORMATION:

| 6a. ORGANIZATION'S NAME | | | |
|---|---|---|---|
| OR 6b. INDIVIDUAL'S LAST NAME | FIRST NAME | MIDDLE NAME | SUFFIX |
| NASS | DEBRA | | |

7. CHANGED (NEW) OR ADDED INFORMATION:

| 7a. ORGANIZATION'S NAME | | | |
|---|---|---|---|
| OR 7b. INDIVIDUAL'S LAST NAME | FIRST NAME | MIDDLE NAME | SUFFIX |
| CRAWFORD | DEBRA | ANN | |

| 7c. MAILING ADDRESS | CITY | STATE | POSTAL CODE | COUNTRY |
|---|---|---|---|---|
| 15901 SW ORIOLE COURT | SHERWOOD | OR | 97140 | USA |

| 7d. SEE INSTRUCTIONS | ADD'L INFO RE ORGANIZATION DEBTOR | 7e. TYPE OF ORGANIZATION INDIVIDUAL | 7f. JURISDICTION OF ORGANIZATION OR | 7g. ORGANIZATIONAL ID #, if any ☒ NONE |
|---|---|---|---|---|

8. AMENDMENT (COLLATERAL CHANGE): check only one box.

Describe collateral ☐ deleted or ☐ added, or give entire ☐ restated collateral description, or describe collateral ☐ assigned.

9. NAME of SECURED PARTY of RECORD AUTHORIZING THIS AMENDMENT (name of assignor, if this is an Assignment). If this is an Amendment authorized by a Debtor which adds collateral or adds the authorizing Debtor, or if this is a Termination authorized by a Debtor, check here ☐ and enter name of DEBTOR authorizing this Amendment.

| 9a. ORGANIZATION'S NAME | | | |
|---|---|---|---|
| SUMMIT LEASING, INC. | | | |
| OR 9b. INDIVIDUAL'S LAST NAME | FIRST NAME | MIDDLE NAME | SUFFIX |

10. OPTIONAL FILER REFERENCE DATA
ULTIMATE TAN DBA   12967 MS/JJ/PB                                    66089495

FILING OFFICE COPY — UCC FINANCING STATEMENT AMENDMENT (FORM UCC3) (REV. 05/22/02)

EXHIBIT 2
Page 15 of 19

OR Sec of State
04/16/2012

Lien#: 8157520-3

8157520-3_5766662

UCC

# UCC FINANCING STATEMENT AMENDMENT

FOLLOW INSTRUCTIONS (front and back) CAREFULLY

**A. NAME & PHONE OF CONTACT AT FILER [optional]**
CSC    1-800-858-5294

**B. SEND ACKNOWLEDGMENT TO: (Name and Address)**

66090174 - 306350

Corporation Service Company
285 Liberty St. NE
Salem, OR 97301

THE ABOVE SPACE IS FOR FILING OFFICE USE ONLY

| 1a. INITIAL FINANCING STATEMENT FILE # | 1b. This FINANCING STATEMENT AMENDMENT is to be filed [for record] (or recorded) in the REAL ESTATE RECORDS. |
|---|---|
| 8157520    12/19/2008 | ☐ |

| 2. | ☐ **TERMINATION:** Effectiveness of the Financing Statement identified above is terminated with respect to security interest(s) of the Secured Party authorizing this Termination Statement. |
|---|---|
| 3. | ☐ **CONTINUATION:** Effectiveness of the Financing Statement identified above with respect to security interest(s) of the Secured Party authorizing this Continuation Statement is continued for the additional period provided by applicable law. |
| 4. | ☐ **ASSIGNMENT** (full or partial): Give name of assignee in item 7a or 7b and address of assignee in item 7c; and also give name of assignor in item 9. |

**5. AMENDMENT (PARTY INFORMATION):** This Amendment affects ☐ Debtor or ☐ Secured Party of record. Check only one of these two boxes.
Also check one of the following three boxes and provide appropriate information in items 6 and/or 7.

☐ CHANGE name and/or address: Please refer to the detailed instructions in regards to changing the name/address of a party.    ☐ DELETE name: Give record name to be deleted in item 6a or 6b.    ☐ ADD name: Complete item 7a or 7b, and also item 7c; also complete items 7e-7g (if applicable).

**6. CURRENT RECORD INFORMATION:**

| 6a. ORGANIZATION'S NAME | | | |
|---|---|---|---|

OR

| 6b. INDIVIDUAL'S LAST NAME | FIRST NAME | MIDDLE NAME | SUFFIX |
|---|---|---|---|
| NASS | DEBRA | | |

**7. CHANGED (NEW) OR ADDED INFORMATION:**

| 7a. ORGANIZATION'S NAME | | | |
|---|---|---|---|

OR

| 7b. INDIVIDUAL'S LAST NAME | FIRST NAME | MIDDLE NAME | SUFFIX |
|---|---|---|---|
| | | | |

| 7c. MAILING ADDRESS | CITY | STATE | POSTAL CODE | COUNTRY |
|---|---|---|---|---|
| | | | | |

| 7d. SEE INSTRUCTIONS | ADD'L INFO RE ORGANIZATION DEBTOR | 7e. TYPE OF ORGANIZATION | 7f. JURISDICTION OF ORGANIZATION | 7g. ORGANIZATIONAL ID #, if any |
|---|---|---|---|---|
| | | | | ☐ NONE |

**8. AMENDMENT (COLLATERAL CHANGE): check only one box.**

Describe collateral ☐ deleted or ☒ added, or give entire ☐ restated collateral description, or describe collateral ☐ assigned.

AMEND TO ADD EQUIPMENT PER ATTACHED SCHEDULE

**9. NAME OF SECURED PARTY OF RECORD AUTHORIZING THIS AMENDMENT** (name of assignor, if this is an Assignment). If this is an Amendment authorized by a Debtor which adds collateral or adds the authorizing Debtor, or if this is a Termination authorized by a Debtor, check here ☐ and enter name of DEBTOR authorizing this Amendment.

| 9a. ORGANIZATION'S NAME | | | |
|---|---|---|---|
| SUMMIT LEASING, INC. | | | |

OR

| 9b. INDIVIDUAL'S LAST NAME | FIRST NAME | MIDDLE NAME | SUFFIX |
|---|---|---|---|
| | | | |

**10. OPTIONAL FILER REFERENCE DATA**
ULTIMATE TAN  DBA  14081  MS/JJ/PB                                    66090174

FILING OFFICE COPY — UCC FINANCING STATEMENT AMENDMENT (FORM UCC3) (REV. 05/22/02)

EXHIBIT 2
Page 16 of 19

# SCHEDULE "1"

LESSEE:  Debra Nass
D/B/A THE ULTIMATE TAN

LEASE NUMBER:  12244

| QTY | DESCRIPTION |
|-----|-------------|

SERIAL NUMBERS FORTHCOMING

| | |
|---|---|
| (1)  PANEL BOOSTER 200- AMP 208 TO 235V | |
| (1)  PANEL BOOSTER 200- AMP 208 TO 235V | |
| (1)  FUTURE INDUSTRIES ELIXIR | SN:E403-0091 |
| (1)  ERGOLINE CLASSIC 600 | SN:9000800682000596 |
| (1)  SUNDASH RADIUS 252 | SN:1057 |
| (1)  T-MAX PRO MANAGER | |
| (1)  MODEL MATRIX L33 | SN: 1830377 |
| (1)  MODEL MATRIX  L33 | SN: 1830378 |
| (1)  MAGIC TAN MT 3000 | SN: 3001 |
| | |
| MYSTIC SPRAY BOOTH | SN:TBU-12083 |
| SUNDASH RADIUS 252 | SN 627 |
| 2 ERGOLINE CLASSIC 600 | SN 693, 438 |
| ERGOLINE CLASSIC 650 | SN 593 |
| TAN AMERICA VIP 32 | SN A-1023 |

Initials _____

THE ULTIMATE TAN & M

OR Sec of State
04/16/2012

|||||||||||||||||||||||||||||||||||
8157520-2_5766661

Lien#: 8157520-2

UCC

## UCC FINANCING STATEMENT AMENDMENT

FOLLOW INSTRUCTIONS (front and back) CAREFULLY

**A. NAME & PHONE OF CONTACT AT FILER (optional)**
CSC    1-800-858-5294

**B. SEND ACKNOWLEDGMENT TO:** (Name and Address)

66089796 - 306358

Corporation Service Company
285 Liberty St. NE
Salem, OR 97301

THE ABOVE SPACE IS FOR FILING OFFICE USE ONLY

| 1a. INITIAL FINANCING STATEMENT FILE # <br> 8157520    12/19/2008 | 1b. ☐ This FINANCING STATEMENT AMENDMENT is to be filed [for record] (or recorded) in the REAL ESTATE RECORDS. |
|---|---|

2. ☐ **TERMINATION:** Effectiveness of the Financing Statement identified above is terminated with respect to security interest(s) of the Secured Party authorizing this Termination Statement.

3. ☐ **CONTINUATION:** Effectiveness of the Financing Statement identified above with respect to security interest(s) of the Secured Party authorizing this Continuation Statement is continued for the additional period provided by applicable law.

4. ☐ **ASSIGNMENT** (full or partial): Give name of assignee in item 7a or 7b and address of assignee in item 7c; and also give name of assignor in item 9.

5. **AMENDMENT (PARTY INFORMATION):** This Amendment affects ☒ Debtor or ☐ Secured Party of record. Check only one of these two boxes.
Also check one of the following three boxes and provide appropriate information in items 6 and/or 7.

| ☐ CHANGE name and/or address: Please refer to the detailed instructions in regards to changing the name/address of a party. | ☐ DELETE name: Give record name to be deleted in item 6a or 6b. | ☒ ADD name: Complete item 7a or 7b, and also item 7c; also complete items 7e-7g (if applicable). |
|---|---|---|

6. **CURRENT RECORD INFORMATION:**

| 6a. ORGANIZATION'S NAME | | | |
|---|---|---|---|
| OR 6b. INDIVIDUAL'S LAST NAME | FIRST NAME | MIDDLE NAME | SUFFIX |
| NASS | DEBRA | | |

7. **CHANGED (NEW) OR ADDED INFORMATION:**

| 7a. ORGANIZATION'S NAME | | | |
|---|---|---|---|
| OR THE ULTIMATE TAN & MED SPA, LLC | | | |
| 7b. INDIVIDUAL'S LAST NAME | FIRST NAME | MIDDLE NAME | SUFFIX |

| 7c. MAILING ADDRESS | CITY | STATE | POSTAL CODE | COUNTRY |
|---|---|---|---|---|
| 15901 SW ORIOLE COURT | SHERWOOD | OR | 97140 | USA |

| 7d. SEE INSTRUCTIONS | ADD'L INFO RE ORGANIZATION DEBTOR | 7e. TYPE OF ORGANIZATION <br> LLC | 7f. JURISDICTION OF ORGANIZATION <br> OR | 7g. ORGANIZATIONAL ID #, if any <br> 65859390 | ☐ NONE |
|---|---|---|---|---|---|

8. **AMENDMENT (COLLATERAL CHANGE):** check only one box.

Describe collateral ☐ deleted  or  ☐ added, or give entire ☐ restated collateral description, or describe collateral ☐ assigned.

9. **NAME OF SECURED PARTY OF RECORD AUTHORIZING THIS AMENDMENT** (name of assignor, if this is an Assignment). If this is an Amendment authorized by a Debtor which adds collateral or adds the authorizing Debtor, or if this is a Termination authorized by a Debtor, check here ☐ and enter name of DEBTOR authorizing this Amendment.

| 9a. ORGANIZATION'S NAME | | | |
|---|---|---|---|
| OR SUMMIT LEASING, INC. | | | |
| 9b. INDIVIDUAL'S LAST NAME | FIRST NAME | MIDDLE NAME | SUFFIX |

10. **OPTIONAL FILER REFERENCE DATA**
ULTIMATE TAN  DBA  14081 MS/JJ/PB

66089796

FILING OFFICE COPY — UCC FINANCING STATEMENT AMENDMENT (FORM UCC3) (REV. 05/22/02)

EXHIBIT 2
Page 18 of 19

**UCC**

| Contract | Customer | Equipment | Address | Assistant | Expires | State | Stal |
|---|---|---|---|---|---|---|---|
| A12244 | The Ultimate Tan & Med Spa, LLC | Various Tanning Equipment | 20649 SW Roy Rogers Rd Sherwood, OR 97140 | Pam Brooks | 02/22/12 | OR | Rew |
| E14081 | The Ultimate Tan & Med Spa, LLC | Tanning Beds for 3 locations. | 2296 Gable Rd. Suite 240 St. Helens, OR 97051 | Pam Brooks | 12/09/13 | OR | Activ |
| A12967 | The Ultimate Tan & Med Spa, LLC | Tanning Beds | 2296 Gable Rd. Suite 240 St. Helens, OR 97051 | Pam Brooks | 12/19/13 | OR | Rew |
| A11859 | The Ultimate Tan & Med Spa, LLC | (2)  Tanning beds | 15986 SW Tualatin Sherwood Rd. Sherwood, OR 97140 | Pam Brooks | 04/18/16 | OR | Rew |

ADDED

Oldest

Amd to add equip # 12244 + 12967
Amd to name  Add married name
        Add Company name

EXHIBIT 2
Page 19 of 19

# Assignment & Assumption Agreement

FROM:     THE ULTIMATE TAN & MED SPA, LLC

TO:       DEBRA ANN CRAWFORD

In exchange for the agreement of Debra A. Crawford to assume all outstanding debt of The Ultimate Tan & Med Spa, LLC, including all secured loans, unsecured loans, accounts payable, and unpaid wages owed by The Ultimate Tan & Med Spa, LLC (but excepting any tax debt that Debra A. Crawford is not currently responsible for), The Ultimate Tan & Med Spa, LLC hereby assigns to Debra A. Crawford all right, title and interest in all inventory and equipment located at all business locations of The Ultimate Tan & Med Spa, LLC. The Ultimate Tan & Med Spa, LLC also hereby assigns all accounts, outstanding accounts receivable, all inventory and all work in progress located at The Ultimate Tan & Med Spa, LLC to Debra A. Crawford. In addition, The Ultimate Tan & Med Spa, LLA assigns to Debra A. Crawford all leasehold interests for all business locations.

The Ultimate Tan & Med Spa, LLC

_____     Dated: April 24th, 2014
Debra A. Crawford by
The Ultimate Tan & Med Spa, LLC

Debra A. Crawford

_____     Dated: April 24th, 2014
Debra A. Crawford

EXHIBIT 3
Page 1 of 1